JOHN H. PIERSON V. GEORGE E. BURNEY.

Where the Court commenced on the 6th of November, 1854, and the petition was filed on the 9th, and the answer was filed on same day, and there was judgment by default, the date of which did not appear, from which the defendant prosecuted this writ of error, the judgment was affirmed, the presumption being that the default was taken after the fourth day of the Term and that the answer was withdrawn at the time of the entry of judgment by default, or that the defendant failed to bring his answer to the attention of the Court, in either of which cases he should have moved the Court during the Term to correct the mistake.

Error from Falls. The synopsis of this report recites everything that appeared from the transcript.

———— ————, for plaintiff in error. Suppose the answer filed in this case be construed by the Court to have been a

waiver of process, (which is doubtful, McCoy v. Crawford, 9 Tex. R. 353,) it certainly could not be considered a waiver, except from the filing of the answer. By Hart. Dig. Art. 810, in order that cases can be tried at a particular Term of Court it is necessary that the writ issued in such case, should be served five days before Court, exclusive of the day of service and the day of return. But if a writ should be served short of this time, and before return day of the writ, the service would still be good, but the case must be postponed until the second Term thereafter. If the answer in this case was a waiver of process, (and without which this Court had no jurisdiction,) then the greatest effect that could by law attach to that waiver, was to make the case returnable and tryable at the second Term thereafter.

*J. A. & R. Green*, for defendant in error. There can be no doubt that the answer was a waiver of service, but the appellant contends that with an answer on file, judgment for want of it was erroneous. The actual fact, no doubt was, that the answer was withdrawn after filing before judgment. The judgment for want of an answer after one had been filed, would seem to be sufficient evidence of its withdrawal.

WHEELER, J. The defendant was not bound to answer at that Term of the Court; but having answered, there can be no question that his answer was a waiver of process. It does not appear on what day of the Term the judgment was rendered ; but it doubtless was after the filing of the answer ; for we cannot suppose the defendant would have done so idle a thing as to file an answer after final judgment had been rendered against him, without at the same time moving to set aside the judgment. The answer must either have been withdrawn, or not brought to the attention of the Court. This, at least, must be the presumption. Everything must be presumed in favor of the judg-

Vol. XV. 18

ment, which is not concluded by the record. Hence, we must presume that the answer was withdrawn, or that counsel failed to bring it to the attention of the Court, rather than that the Court improperly gave judgment by default notwithstanding the answer. In neither supposition can the fact, that there was an answer on file in the case, afford a ground for reversing the judgment. For if it was withdrawn, it is clear, the judgment was rightly rendered; and, though not withdrawn, yet, if the defendant suffered judgment to be rendered against him, without bringing his answer to the attention of the Court, and suffered the Term to elapse, without moving the Court to correct the mistake, he cannot take advantage of it on appeal or writ of error. (Hopkins v. Donaho, 4 Tex. R. 336.)

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.