## THE LONDON ASSURANCE CORPORATION V. T. H. LEE & CO.

(Case No. 5836.)

1. JUDGMENT BY DEFAULT—ANSWER WAIVED—PRESUMPTION—See opinion for circumstances under which this court presumes that a defendant waived his answer, and will not disturb a judgment by default.

2. SAME—CONDITIONAL ANSWER—EFFECT—A defendant filed a motion to quash service, and an answer which expressly alleged that it was not to be considered as in the case unless the motion was overruled. The motion was sustained. *Held*, The court was authorized to hold that defendant was without pleadings, and to render judgment by default at the next term.

ERROR from Mitchell. Tried below before the Hon. T. B. Wheeler.

In this suit, defendants in error sought to recover upon a policy of insurance, and on February 11, 1884, filed their original petition. On March 20, 1884, plaintiff in error answered by filing a motion to quash notice, a general demurrer and general denial in the following language:

"Now comes the London Assurance Corporation, and the defendant in the above entitled and numbered cause, by its attorneys, and in the event of an adverse ruling upon its motion to quash the notice requiring defendant to answer, and in that event only, and demurs, etc." The motion was sustained.

On October 7, 1884, at the appearance day of the next following term of court, a judgment by default was taken, and writ of inquiry awarded; and on October 27, 1884, the court rendered a final judgment by default for the amount prayed for in the petition, $1,000 and interest, and the case was brought to this court for revision, the error assigned being the action of the court in rendering a judgment by default while there was an answer on file.

*Fowlkes & Looney*, for plaintiff in error, cited: Moore *v.* Jones, 6 Tex., 227; Hurlock *v.* Reinhardt, 41 Tex., 580.

*Chas. I. Evans*, for defendants in error, cited: Pierson *v.* Burney, 15 Tex., 272; McKellar *v.* Lampkin, 22 Tex., 244; Allen *v.* Traylor, 31 Tex., 124; Beal *v.* Alexander, 6 Tex., 541; Callison *v.* Autry, 4 Tex., 371; Hopkins *v.* Donaho, 4 Tex., 336.

WILLIE, CHIEF JUSTICE.—The defendant below being a non-resident, a notice of this suit was served upon its secretary in New York, as prescribed in R. S., arts. 1230-1234. The defendant filed a motion to quash the service but made no objection to the jurisdiction of the court as thus attempted to be acquired. At the same time the de-

fendant filed a general demurrer and general denial. These latter pleadings were to be considered only in the event that the motion to quash the service was overruled. The court sustained the motion and quashed the service, and the cause was continued to the next term of the court. At that term, a judgment by default with writ of inquiry was taken against the defendant, and the writ was subsequently executed by the judge, and judgment rendered for the full amount of the claim. This judgment is brought before us for revision upon writ of error, and it is contended that it was error to render judgment against the defendant when it had upon file a general denial of the allegations of the plaintiffs' petition.

There is nothing in the record to show that the defendant called its pleadings to the attention of the court, or insisted upon their consideration, or asked that the judgment be set aside at the term during which it was rendered. It was presumptively in court after it had answered, and its duty was to look after its interests in the cause. It neither objected to the interlocutory judgment by default, nor appeared to look after the case when before the court upon writ of inquiry. This court has frequently held that, under such circumstances, it will presume that the defendant waived an answer, and the judgment will not be disturbed. Pierson v. Burney, 15 Tex., 272; McKellar v. Lampkin, 22 Tex., 244; Beal v. Alexander, 6 Tex., 541; Callison v. Autrey, 4 Tex., 371; Hopkins v. Donaho, 4 Tex., 336.

Moreover, as the defendant filed its answer conditionally, and with the express understanding that they were not to be considered as in the cause unless the motion to quash was overruled, and that motion was sustained, in compliance with its own request, the court was authorized to hold that it was without pleadings in the cause. As the service had been quashed on the defendant's motion, and the cause continued, the defendant was, under our statutes, to be considered as entering an appearance at the next succeeding term.

An appearance without answer entitled the plaintiff to a judgment by default; so that, in this view of the case also, the judgment was correctly entered. No point is made by the plaintiff in error upon the sufficiency of the service to give the court jurisdiction of its person. The only contention is that a judgment by default ought not to have been rendered, when the plaintiff in error had appeared and answered, and that answer was on file in the court. This point is not well taken, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered May 14, 1886.]