### J. T. LYTLE ET AL. v. N. T. CUSTEAD.

#### No. 31.

**1. Practice — An Answer not Brought to Attention of Court.—** It is not sufficient to prevent judgment by default that a general denial be filed. The defendant must bring it to the attention of the court.

**2. Foreign Corporations.—**Prior to July 3, 1889, there was no effective law in Texas imposing any conditions upon foreign corporations in transacting business in Texas.

**3. Same — Interstate Comity.—**Prior to said date, foreign corporations by comity are to be treated in the courts as on equal footing with those of this State.

**4. Liability of Stockholders and Directors. —** Transaction the subject of litigation arose in 1887. No irregularities or fraud were alleged, nor that the corporation had been dissolved before suit. *Held*, that the directors were improperly joined, and that no cause of action existed against them. Judgment by default against them was reversible error.

ERROR from Bexar. Tried below before Hon. G. H. NOONAN.

*Barnard & Green*, for plaintiffs in error.—1. When defendant has filed an answer, and it is among the papers, no judgment by default can be taken. Rev. Stats., art. 1282; Hurlock v. Reinhardt, 41 Texas, 580.

2. The mere fact that the Sierra Blanca Mining and Smelting Company is a foreign corporation, that it is insolvent, and has not complied

with the laws of Texas, will not warrant a judgment against the stockholders in their individual capacity; there being no allegation that the stockholders had not paid up their subscribed shares, nor that the corporation had no assets.　11 Mora. on Corp., secs. 831, 861.

3. The Act of 1887, relative to foreign corporations, was held unconstitutional.　Land Co. v. Worsham, 76 Texas, 556.

*Peter Shields*, for defendant in error.

FLY, Associate Justice.—This suit was brought by appellee against J. T. Lytle, J. W. Presnall, W. W. Toby, J. W. Maddox, B. F. Buzzard, and Sierra Blanca Mining and Smelting Company, a foreign corporation, incorporated under the laws of Colorado, and operating and doing business in El Paso County, Texas, but without complying with the laws of Texas relative to foreign corporations, of which corporation J. T. Lytle was president, Toby was treasurer, and said Maddox was secretary, general agent, and representative.　It was also alleged, that the corporation was insolvent, and that defendants Lytle, Presnall, Toby, Maddox, and Buzzard were the chief stockholders and managers of said corporation, and are liable individually for failure to comply with the laws of Texas relative to foreign corporations.　The suit was based on an open account in favor of one George Hutchins, who had transferred it to plaintiff, the account being sworn to by Hutchins as provided in article 2266, Revised Statutes.　On March 7, 1890, defendants answered by general demurrer and general denial.

On June 4, 1890, B. F. Buzzard not having been served, the suit was dismissed as to him, and the judgment was taken against the other defendants, the judgment reciting: "And the other defendants, although duly served with process, came and answered not, but wholly made default; and it appearing to the court that the cause of action is liquidated, and proven by and being a sworn account here introduced in evidence; and on which there is due the sum of $1075.84, besides interest, the court proceeds to assess the damages, and render judgment accordingly."　There was no action taken by the defendants in the matter until December 11, 1890, when a petition for a writ of error was filed.

One of the errors assigned is the action of the court in rendering a judgment by default against defendants, when their answer was on file. This assignment is untenable.　Something more is required of a defendant than the mere filing of an answer.　He is then presumed to be in court and ready to see his rights protected; to call the attention of the court to his answer, and demand proof of plaintiff's claim; but instead of doing this, they launch their general demurrer and general denial upon its voyage on March 7, seemingly with no one to steer it on its way, and uncared for, it runs upon the breakers on June 4, 1890.　Not an effort is

made to set aside the judgment or to get a new trial, and their next appearance upon the scene is six months afterwards, when this writ of error is sued out.   It is too late for them to complain that a judgment by default was taken when they had filed an answer but did nothing more. Pierson v. Burney, 15 Texas, 272; Corporation v. Lee & Co., 66 Texas, 247; Hopkins v. Donoho, 4 Texas, 336.   There is no charge made that any undue advantage was taken in obtaining the judgment, and there is nothing to show why no effort was made to get a new trial in the lower court.

At the time that the account sued on was made, the law of 1887 in regard to foreign corporations was in effect, but it has since been declared unconstitutional.   Mortgage Co. v. Worsham, 76 Texas, 556.   Then there was no law regulating foreign corporations in Texas at the time the account was made, and such being the case, the Sierra Blanca Mining and Smelting Company, being regularly incorporated under the laws of a sister State, the comity existing between sovereign States would place the corporation on an equal footing with those of this State.   2 Beach on Priv. Corp., sec. 411, et seq.

There being no effective law requiring anything to be done in order for a foreign corporation to do business in Texas in 1887, 1888, and up to July 3, 1889, when the present law went into effect, there was no illegality in the foreign corporation entering into any business for which corporations could be created in Texas.   If this be true, then the individual defendants could not be sued on the ground that the corporation being defective or illegal, the stockholders could be sued as a partnership.   Wait on Insolv. Corp., secs. 464, 477; Beach on Priv. Corp., sec. 162.

If there had been any illegality or irregularity in the incorporation of the corporation in this case, it might be held, by a very liberal construction, that the petition, in alleging that the corporation was insolvent, and was acting in violation of the laws of Texas, would be sufficient on general demurrer; but with our view of the law, their business not being irregular or illegal, there should have been allegations showing that the stockholders or directors were liable for the debts of the corporation, either under their charter or the laws of Texas.   Walker v. Lewis, 49 Texas, 123; Angel & Ames on Corp., secs. 41, 595, 602; Field on Corp., secs. 55, 74, 404.   Had there been allegations of fraud upon the part of the directors, or that false and fraudulent representations were made in regard to the solvency of the corporation, then the other defendants in this case might have been held, under proper state of proof, liable for the debt.   Seale v. Baker, 70 Texas, 283; Bige. on Estop., 538. There is no such allegation in the petition.

Under our laws the directors of any corporation are liable, jointly and severally, to the amount of any dividend knowingly declared when the

corporation is insolvent. Rev. Stats., art. 494. There is also a provision in the statutes, that "if any corporation be dissolved, leaving debts unpaid, suit may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit." Rev. Stats., art. 608. There is no allegation in the petition of the dissolution of the corporation. In connection with the last quoted statute, article 610, "No stockholder shall be liable to pay debts of the corporation beyond the amount unpaid on his stock," must be kept in view. We are of the opinion that the allegations in the petition are insufficient to render the defendants Lytle, Presnall, Toby, and Maddox liable for the whole or any part of the debt sued on, and are insufficient to fix the liability of the stockholders.

We are of the opinion that the petition was bad on general demurrer, and was insufficient to support a judgment by default.

It will be unnecessary to notice the other assignments of error.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 11, 1893.