CHAPA v. COMPTON et al.

(Court of Civil Appeals of Texas. Austin. May 15, 1912.)

1. JUDGMENT (§ 92*)—DEFAULT JUDGMENT.

A judgment of the county court, which recites that at the regular term a cause was regularly called for trial, that plaintiff in person announced ready for trial, that defendant appeared in person and announced ready for trial, but that codefendant made default, that a jury was waived and all matters of facts and law submitted to the court, who, after hearing the pleadings and evidence, ordered a judgment for plaintiff against codefendant as principal and third persons as sureties, and against defendant and codefendant jointly and severally, and in favor of defendant against codefend-

ant, is not a default judgment; and the mere nonappearance of codefendant did not bar plaintiff from proving his case and obtaining judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 151; Dec. Dig. § 92.*]

2. JUDGMENT (§ 145*)—DEFAULT JUDGMENT—VACATION.

A defendant who defaults at the trial may not complain of the judgment against him, where the attention of the court was not called to his plea, and where he did not move for a new trial and show a meritorious defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. § 145.*]

3. ASSIGNMENTS (§ 24*) — CLAIMS ASSIGNABLE.

A claim for money due from a pledgee to an assignor for the value of property stolen from the assignor is assignable, and is sufficient to support an action by the assignee.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 42–46; Dec. Dig. § 24.*]

4. APPEAL AND ERROR (§ 1091*)—REVIEW—PRESUMPTIONS.

Where, in an action in justice's court on an assigned claim, the pleadings were oral, the court, on appeal from a judgment of the county court rendered on appeal from the justice's court, will presume that the claim and assignment were sufficiently pleaded, in the absence of anything in the record to the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. § 1091;* Justices of the Peace, Cent. Dig. § 754.]

5. JUDGMENT (§ 253*)—INTEREST.

A judgment for the amount of the claim sued on, together with interest on the claim properly allowed, is not excessive, because it includes interest.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. § 253.*]

6. APPEAL AND ERROR (§ 1170*)—DISPOSITION OF CAUSE—REVERSAL—CLERICAL ERROR.

Where the principal judgment for $137.30, made up of a claim for $130 and interest for $7.30, undertook to show in its recitals that a judgment for $50 was a part of the principal judgment, and not an additional amount, and referred to the principal judgment as one for $130, the judgment was not on its face uncertain; but the statement in the recital as to the amount of the principal judgment was a clerical error, not requiring a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4540–4545; Dec. Dig. § 1170.*]

Error from Williamson County Court; Richard Critz, Judge.

Action by C. V. Compton against F. A. Chapa and D. A. Young. There was a judgment for plaintiff against both defendants and in favor of defendant D. A. Young against defendant F. A. Chapa, and the latter brings error. Affirmed.

A. S. Fisher, of Georgetown, for plaintiff in error. Wilcox & Graves, of Georgetown, for defendant in error Compton.

JENKINS, J. This action was commenced in the justice's court of precinct No. 6, Williamson county, by the defendant in error against F. A. Chapa and D. A. Young, upon the following claim and guaranty: "State of

Texas, County of Williamson: For and in consideration of $25 cash, to me in hand paid, and for the further consideration of legal services rendered me in the justice and county court of Williamson county, Texas, I this day do by these presents, sell, transfer and set over and deliver to C. V. Compton a certain claim or account due me by F. A. Chapa, of San Antonio, Bexar county, Texas, said account being due me for one money-weight scale, same that was stolen from me by S. P. Moore and pledged him, the said F. A. Chapa, and the value of which scale is $130. And I hereby and by these presents guarantee the payment to the said C. V. Compton of the sum of $50 of the aforesaid claim of $130. Witness my hand at Taylor, Texas, this the 21st day of January, 1911."

There was judgment in the justice's court against plaintiff in error for the sum of $130, and jointly against plaintiff in error and said Young for $150, from which plaintiff in error appealed to the county court.

[1] 1. The first assignment of error is as follows: · "The court erred in rendering judgment by default against F. A. Chapa, because it is shown by the record that at the time the judgment was rendered defendant F. A. Chapa had answer on file with the record of this cause."

Judgment in the county court is as follows: "Now on this the 12th day of July, 1911, same being at a regular term of this court, this cause was regularly reached and called for trial, and thereupon came the plaintiff, C. V. Compton, in person and announced ready for trial, also appeared the defendant D. A. Young in person and announced ready for trial, but the defendant F. A. Chapa appeared not, and wholly made default in this behalf. And, a jury having been waived, all matters of facts and law were submitted to the court, who, after hearing the pleadings and evidence, is of the opinion that the plaintiff, C. V. Compton, should have and recover of and from the defendant the following judgment: To recover of and from ·the defendant F. A. Chapa, as principal, and C. V. Birkhead and E. W. Tynan, as sureties, the sum of $137.30, and to recover judgment of and from the said F. A. Chapa and D. A. Young jointly and severally for the sum of $50 for the aforesaid $137.-30, and that the said D. A. Young is entitled to recover of and from F. A. Chapa any amount which he shall have to pay on said $50. It is therefore ordered, adjudged, and decreed by the court that the plaintiff, C. V. Compton, do have and recover of and from the defendant F. A. Chapa, as principal, and C. V. Birkhead and E. W. Tynan, as 'sureties, judgment for the sum of $137.30, and that the said plaintiff, C. V. Compton, do have and recover of and from the defendant F. A. Chapa and D. A. Young jointly and severally judgment for $50 of the above $137.30, and that the defendant D. A. Young

shall have and recover judgment of and from the defendant F. A. Chapa for whatever amount he may be compelled to pay of said $50, and the plaintiff, C. V. Compton, shall have and recover judgment of and from the said F. A. Chapa and D. A. Young, and the said C. V. Birkhead and E. W. Tynan, jointly and severally, all costs of this suit. It being especially here understood that said judgment for $50 is a part of the above judgment for $130. It is further ordered, adjudged, and decreed by the court that the defendant D. A. Young shall recover judgment of and from the defendant F. A. Chapa for any and all costs that he may be compelled to pay in this cause, for all of which foregoing judgment let execution issue as the law directs."

This is not a judgment by default. It recites that F. A. Chapa made default, which fact would have entitled the defendant in error to an interlocutory judgment against said Chapa, but it does not appear that such judgment was taken; and the fact that Chapa did not appear was no bar to the plaintiff's proving up his case, which was done, as appears from the recitation of said judgment. Danner v. Walker-Smith, recently decided by this court.

[2] 2. No error was committed in rendering said judgment, for the further reason that plaintiff in error did not call attention of the court to said plea, and did not make a motion for a new trial, which should have been done, showing a meritorious defense. Bartlett v. Jones, 103 S. W. 705; Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451; Pierson v. Burney, 15 Tex. 272; Milam v. Gordon, 29 Tex. Civ. App. 415, 68 S. W. 1003; Assurance Co. v. Lee, 66 ·Tex. 247, 18 S. W. 508; Insurance Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109.

[3, 4] 3. Plaintiff in error contends that it was fundamental error to render judgment against him in this case, for the reason that the claim sued upon was not sufficient to support any action. The claim is one which, under our law, could be assigned; and it is to be presumed, as the pleadings were oral, that the same was sufficiently pleaded, nothing of record to the contrary.

[5] 4. Plaintiff in error alleges that the judgment is excessive, inasmuch as the claim sued on was for only $130, and the judgment was for $137.30. The amount of the judgment is accounted for by the fact that the court allowed interest on said claim. In this there was no error.

[6] 5. Plaintiff in error further contends that the judgment in this case should be reversed, because the same shows upon its face to be uncertain· and· contradictory, in that in one place it is for $137.30 and in another for $130. The judgment is for $137.-30. In the recitation which undertakes to show that the judgment for $50 is a part of the principal judgment, and not an addition-

al amount, the principal judgment is referred to as being for $130. This is evidently a clerical error, and does not require a reversal of this case.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.