## GILLASPIE v. CITY OF HUNTSVILLE.

(Court of Civil Appeals of Texas. Galveston. Nov. 22, 1912. Rehearing Denied Dec. 12, 1912.)

1. JUDGMENT (§ 106*)—ANSWER—DEFAULT.

The filing of a plea alleging only that the premises sued for were part of the homestead of defendant and his wife, and praying that she be made a party, was not the filing of such answer as would prevent the entry of a judgment by default under Rev. Civ. St. 1911, art. 1936.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. § 106.*]

2. JUDGMENT (§ 106*)—DEFAULT—PLEADING.

An answer filed, but not called to the attention of the court, will not render the entry of a judgment by default error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. § 106.*]

3. HOMESTEAD (§ 212*)—PROTECTION—ACTION—PARTIES.

In trespass to try title by a municipal corporation to recover premises alleged to be a portion of a street and claimed by defendant as part of his homestead, the wife is not a necessary party.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 393; Dec. Dig. § 212.*]

4. JUDGMENT (§§ 145, 162*)—SETTING ASIDE—PLEADING—MERITORIOUS DEFENSE.

Where on the day following the rendition of a judgment by default defendant filed a motion to set aside and at the same time an answer to the merits, the court should have looked to the allegations of the answer to determine whether defendant had a meritorious defense, but could not hear proof to determine their truth.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295, 319–322; Dec. Dig. §§ 145, 162.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**5. JUDGMENT (§ 143\*) — SETTING ASIDE — PLEADING—EXCUSE.**

A defendant who, on appearance day, filed a suggestion that his wife was a necessary party, and left the courtroom without answering to the merits, expecting the court to take cognizance of the pleading filed, and to have him called when the case should be reached, saying that such expectations were based upon the immemorial custom of the court, no such custom being proved, did not present a valid excuse for failing to answer in time, which is necessary to justify setting aside a default judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.\*]

**6. JUDGMENT (§ 139\*)—SETTING ASIDE—DISCRETION.**

An application to set aside a judgment entered by default is addressed to the sound discretion of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 265–268; Dec. Dig. § 139.\*]

**7. APPEAL AND ERROR (§ 1074\*)—REVIEW—HARMLESS ERROR—SETTING ASIDE DEFAULT.**

Although on motion to open a default judgment many errors were committed in the trial of issues to determine whether defendant had a valid defense, they are harmless, where no valid excuse is shown for not filing the answer in time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4248–4252; Dec. Dig. § 1074.\*]

Appeal from District Court, Walker County; S. W. Dean, Judge.

Trespass to try title by the City of Huntsville against W. O. B. Gillaspie. Judgment for plaintiff, and defendant appeals. Affirmed.

W. O. B. Gillaspie, of Huntsville, in pro. per. Dean, Humphrey & Powell, of Huntsville, for appellee.

McMEANS, J. This is an action of trespass to try title, brought by the city of Huntsville against W. O. B. Gillaspie, to recover the title and possession of certain premises alleged to be a portion of a public street in said city. The defendant was duly served with citation, but, on the appearance day of the next succeeding term of the court, failed to file any answer to the merits, but did file a pleading alleging that the premises in controversy constituted a part of the homestead of himself and his wife, Orine Wynne Gillaspie, and praying that she be made a party defendant. On the call of the appearance docket judgment by default was rendered in favor of plaintiff and against defendant for the land in controversy. On the day following the defendant filed a motion to vacate the default judgment, and at the same time filed his answer setting up many matters of defense to plaintiff's suit. To the motion of appellant to vacate the appellee filed a contest. Upon the issues thus joined the court heard evidence, and upon its conclusion overruled appellant's motion to set aside the judgment by default, on the ground that appellant had not shown

a good excuse for his failure to file an answer to the merits in time, and on the further ground that the evidence introduced by appellant did not show that he had a meritorious defense to the suit. From the judgment overruling the motion to set aside the judgment by default appellant has duly prosecuted this appeal.

Upon request of the appellant the trial judge filed his findings of fact, which are as follows:

"(1) Upon the call of the appearance docket on Tuesday, September 26, 1911, no answer or other plea having been filed by the defendant, as required by law, judgment by default was rendered by the court in favor of the plaintiff and against the defendant for the premises described in plaintiff's original petition.

"(2) On September 27, 1911, the defendant filed his motion in writing to set aside the judgment by default rendered herein on September 26, 1911, and also filed his original answer on the said 27th day of September, 1911.

"(3) On September 29th plaintiff filed its contest in opposition to said motion to set aside said default judgment, and on said last-named day the court heard evidence upon said motion and contest, and postponed the argument of counsel and further consideration thereon until October 10, 1911, when the matter at issue again came on for further consideration.

"(4) I find from the evidence offered upon said hearing that no legal excuse was shown by the defendant for having failed to appear and plead herein on appearance day, and before the call of the appearance docket and before the rendition of said judgment by default.

"(5) I further find that the defendant has no meritorious defense to the plaintiff's cause of action herein.

"(6) I further find that the defendant has no legal defense to the plaintiff's suit, but that the defendant claims title to the lands in controversy herein solely under the statutes of limitations, and that the defendant is unable to sustain said plea.

"(7) I further find that the defendant has no deed to the land in controversy and no title thereto, unless it be a limitation title, and I find that the defendant has not had, by himself and those under whom he claims, sufficient adverse possession of the premises in controversy to perfect his title thereto under the statutes of limitations.

"(8) I further find that the land in controversy is a part of Burton street, one of the streets of the city of Huntsville, which said street was duly dedicated by the original grantee, P. Gray, and that dedication was accepted by the plaintiff and had been used as a street for many years before the defendant went into possession of the part thereof in controversy herein."

These findings appear to be amply sustained by the facts appearing in the record.

Appellant by his first assignment of error complains that the court erred in rendering judgment against him by default because the defendant then had a plea before the court requesting that Mrs. Gillaspie be made a party defendant, and that the judgment by default should not have been rendered without first considering and acting upon this plea. Appellant contends under this assignment that "a plea to make additional parties is an appearance in the suit, and a judgment by default will not lie until such plea has been disposed of."

[1] The contention of appellant that his plea to make additional parties had been filed prior to the rendition of the judgment by default is in conflict with the first fact finding of the court above set out, but, in the view we take, this conflict is wholly immaterial, and we will not pause to settle it. We think there can be no question that the filing of the plea was not the filing of an answer such as would prevent the entry of a judgment by default. Revised Statutes, art. 1936.

[2] But, however this may be, it is indubitably shown by the record that the plea, even if it was filed before the judgment by default was rendered, was not called to the attention of the court when the case was reached on the call of the appearance docket, and for that reason it was not error to render the judgment by default. It has been so held where an answer to the merits has been filed, but not called to the attention of the court. London Assurance Corp. v. Lee, 66 Tex. 247, 18 S. W. 508; Hopkins v. Donaho, 4 Tex. 336; Peirson v. Burney, 15 Tex. 272; Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451.

[3] Even had the appellant filed the plea in question before the judgment by default was rendered, and even though he had called the attention of the court to it, we think the court could have legally rendered the default judgment, because the plea was not an answer to plaintiff's suit, and the appellant's wife, who the plea suggested should be made a party defendant, was not a necessary party to the suit. Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 496. The assignment is overruled.

[4] As before shown, the appellant on the day following the rendition of the judgment by default filed a motion to set the judgment aside, and at the same time filed an answer to the merits. We think the court in determining whether appellant had a meritorious defense should have looked to the allegations of the answer, and that it was not proper, upon issue joined by appellee's contest, to hear proof to determine whether the allegations of the answer were true, and in that way judge of the merits of the defense set up in the answer, and appellant's assignments raising the point are sustained.

[5] An application to set aside a default judgment must show a valid excuse for failure to plead in time (Foster v. Martin, 20 Tex. 118; Dowell v. Winters, 20 Tex. 793; Clute v. Ewing, 21 Tex. 679; Coffee v. Ball, 49 Tex. 16; Ames Iron Works v. Chinn, 20 Tex. Civ. App. 382, 49 S. W. 665; Nevins v. McKee, 61 Tex. 413; Freeman v. Neyland, 23 Tex. 530; Harn v. Phelps, 65 Tex. 596); and relief against such a judgment will be denied unless the defendant can show not only a valid defense, but some ground of accident, mistake, trust, or fraud which prevented his making such defense. Coffee v. Ball, 49 Tex. 16. It appears that on appearance day the appellant filed a suggestion that his wife was a necessary party to the suit, and then left the courtroom without filing an answer to the merits, expecting that the court would take cognizance of the pleading filed, and would have him called when the case should be reached on the call of the appearance docket, and that no judgment by default would be rendered or other action taken in the case until his plea to make additional parties had been acted on. He says in his brief that these expectations were based upon the immemorial custom of the court, but no such custom was proved. We do not think that the excuse offered was a valid excuse for his failure to answer in time.

[6] The application to reinstate the case was addressed to the sound discretion of the court, and there is nothing in the record indicating that that discretion was abused by the court's refusal to set aside the judgment by default.

[7] Appellant claims that many errors were committed in the trial of the issues to determine whether he had a valid defense to plaintiff's suit, but as these errors, if they were such, could not, in the absence of the failure of appellant to show a valid excuse for not filing his answer in time, result in a reversal they are harmless.

The record discloses no reversible error, and judgment is affirmed.

Affirmed.