COUNTS v. SOUTHWESTERN LAND CO.
(No. 1147.)

(Court of Civil Appeals of Texas. Amarillo. April 4, 1917.)

1. JUDGMENT ⊚⟶107—DEFAULT—ANSWER.

A default judgment cannot be rendered where defendant has an answer on file.

2. JUDGMENT ⊚⟶143(17)—DEFAULT—SETTING ASIDE—AGREEMENT TO HAVE CASE CONTINUED.

Where defendant appeared on day of return and filed answer, but failed to appear on day to which case was continued, a default entered on such nonappearance should have been set aside on defendant's motion therefor, where showing, in support of motion, that postponement had been agreed to, was not controverted.

3. APPEAL AND ERROR ⊚⟶891—PROOF NOT PRODUCED AT TRIAL—AFFIDAVITS.

The Court of Civil Appeals, in reviewing lower court's ruling on motion to set aside a default, cannot consider an affidavit which was not before lower court.

4. APPEAL AND ERROR ⊚⟶544(3)—NECESSITY OF BILL OF EXCEPTIONS — MOTION TO SET ASIDE DEFAULT.

Under Rev. St. art. 2062, a bill of exceptions was not necessary to reserve an exception to court's ruling on motion to set aside default judgment, the motion and the ruling thereon being a part of the record proper.

5. APPEAL AND ERROR ⊚⟶528(4) ⟶ RECORD — AFFIDAVITS—NECESSITY OF BILL OF EXCEPTIONS.

Affidavits in support of motion for new trial are a part of the motion, and under Rev. St. art. 2062, will be considered in connection with the order overruling the motion without a formal bill of exceptions.

6. APPEAL AND ERROR ⊚⟶270(3)—EXCEPTIONS TO RULING ON MOTION—NOTICE OF APPEAL.

Under Rev. St. art. 2059, a notice of appeal given at the time of court's ruling on motion to set aside default was sufficient exception to the ruling, no formal words being necessary.

Appeal from Gray County Court; T. W. Wolfe, Judge.

Suit by the Southwestern Land Company against G. M. Counts. Default judgment for plaintiff. Defendant's motion to set aside judgment and for new trial overruled, and defendant appeals. Reversed and remanded.

P. W. Robertson, of Miami, and Hoover & Dial, of Canadian, for appellant. Chas. C. Cook, of Pampa, and Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

BOYCE, J. This suit was brought by appellee to recover of appellants commissions alleged to have been earned in the sale of certain real estate. Citation was returned to the August, 1916, term of the county court,

at which time defendant appeared and answered by general denial and special answers, and the case was continued on defendant's application. On the first day of the next term of court, to wit, November 20, 1916, appellant secured judgment which is styled on the minutes of the court "judgment by default," and which, after reciting the appearance of the plaintiff, and that "the defendant, though duly cited to appear, came not but made default in this behalf, whereupon the plaintiffs announced ready for trial, and the court having heard the pleadings read and the evidence adduced in support thereof," etc., rendered judgment in favor of the appellant for the amount sued for. On November 22, 1916, the appellants filed a motion to set aside judgment and for new trial, alleging that an oral agreement was made in a telephone conversation between one of appellants' attorneys and one of appellee's attorneys for the postponement of the trial of said case until November 22d, and that appellants and their attorneys, relying on said agreement, did not attend said court until said date, but did appear on said date and then learned of the entry of said judgment. Appellants also alleged in said motion that they had a meritorious defense to said cause of action, etc. This motion was overruled on November 27th.

[1-3] A default judgment cannot be rendered where defendant has an answer on file, and, if the judgment is to be regarded as a default judgment, it was error for the court to refuse to set it aside on appellants' motion. Hepburn v. Danville National Bank, 34 S. W. 988; Sevier v. Turner, 33 S. W. 294; P. & N. T. Ry. Co. v. Epps & Matsler, 117 S. W. 1012. These cases are not in conflict with the case of Hopkins v. Donaho, 4 Tex. 337, and that line of cases following it (Pierson v. Burney, 15 Tex. 274; Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451), which hold that an answer on file will not avail unless the defendant calls the court's attention to it; but the last-cited cases recognize that this attention of the court to the answer may be obtained by motion to set aside the default judgment made at the same term of the court. We have some doubt as to whether the judgment is to be necessarily taken as a judgment by default. The court had the right to proceed with the trial in the absence of defendant, though he had an answer on file, and could render judgment for the plaintiff on the introduction in evidence of such facts as would have made out a prima facie case, even if the defendant had been present, and it is not clear from the recitals in the judgment that this was not the proceeding actually had. Chapa v. Compton, 147 S. W. 1175. The judgment in this case is very similar to the one rendered in the Hepburn

v. Danville National Bank Case, supra; it is styled a default judgment on the minutes, and the parties have so treated it in all the proceedings, so we are perhaps also justified in so regarding it. In any event, however, we think the trial court should have set aside the judgment under the showing made by the motion. Medlin v. Commonwealth Bonding Co., 180 S. W. 904. The truth of the facts stated in the motion for new trial was sworn to by two of appellants' attorneys, who were in position to have personal knowledge of the facts as to the alleged agreement for postponement, and the reasons for appellants not being in attendance upon the court on the first day of the term, and these statements were not controverted by appellee in any way. We think this was a sufficient showing of such facts, and, in the absence of controverting affidavits, such facts should have been taken as established. Davis v. Ransom, 57 Tex. 335; Sugg v. Thornton, 73 Tex. 666, 9 S. W. 147; General Accident, Fire & Life Insurance Co. v. Lacy, 151 S. W. 1171; Durham v. Flannagan, 2 Willson Civ. Cas. Ct. App. § 22; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100. We are not authorized to consider for any purpose the affidavit filed in this court by appellee.

[4-6] Appellee contends that we cannot consider the assignment complaining of the action of the court in overruling the motion to set aside the judgment because no exception was taken to such action, and there is no bill of exception complaining of such action in the record. The motion and ruling of the court thereon are a part of the record proper, and a bill of exceptions was not necessary to reserve an exception. R. S. art. 2062. Of course if controverting affidavits had been filed, and testimony had been introduced on the hearing of the motion, a bill of exception or statement of facts would have been necessary to preserve a record of the evidence introduced on the hearing; but the affidavits are a part of the motion for new trial, and will be considered in connection with the order overruling the motion, without a formal bill of exceptions. At the time of the overruling of the motion no exception was expressly reserved, but it appears that at such time the appellant gave notice of appeal. If it was necessary to except to the order, we think the notice of appeal, given at the time, would itself be sufficient to constitute an exception to the ruling, as no formal words are necessary, and the notice of appeal certainly gives notice that objection was being made to the order of the court. R. S. art. 2059; Corpus Juris, vol. 3, p. 900. It is stated in the text cited from Corpus Juris "that an appeal is per se an exception to the judgment itself," etc.

Reversed and remanded.