**NATIONAL BANK OF HOPEWELL, VA., v. MARSHALL et ux.   (No. 2897.)\***

Court of Civil Appeals of Texas. Amarillo.
Nov. 2, 1927.

Rehearing Denied Dec. 7, 1927.

**1. Appeal and error ⨪544(1)—Trial court's findings are conclusive on Court of Civil Appeals, in absence of statement of facts.**

The findings of the trial court are conclusive on the Court of Civil Appeals on review, where there is no statement of facts.

**2. Injunction ⨪191—Perpetuating injunction, where defendant had filed answer, but taken it from courthouse without calling court's attention to it, held proper.**

Where, after grant of temporary injunction, defendant filed an answer pending hearing to make the injunction permanent, but thereafter withdrew his answer from the files and removed it from the courthouse without calling the court's attention to the fact that he had filed it and desired to be heard, *held*, that the court did not err under such circumstances in perpetuating the injunction; defendant having filed no other pleading.

**3. Injunction ⨪115—Defendant's filing answer placed him within court's jurisdiction.**

Where defendant in an injunction suit filed his answer, such act brought him into court and placed him within court's jurisdiction.

---

⨪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 11, 1928.

4. Injunction ⊂⇒210—Defendant's filing answer in injunction suit, then taking answer from courthouse without having requested hearing, precluded its objecting to adverse judgment after term.

Where defendant corporation in an injunction suit filed an answer, but removed such answer from the courthouse records without having notified the opposition attorneys of its having filed it and without having requested a hearing on the issues involved, *held*, that it was precluded from objecting after term to adverse judgment.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Application by N. H. Marshall and wife for an injunction against the National Bank of Hopewell, Va., restraining the sale of property levied on to satisfy a judgment. From a judgment granting a permanent injunction, the defendant appeals. Affirmed.

Bonner, Bonner & Fryer, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellees.

RANDOLPH, J. In consideration of cases submitted in this court, we are limited to a consideration of the record and only matters that properly appear therein. For that reason, we think that it is far better for attorneys to recognize the rule and refrain from discussing things not contained in the record, for such discussion only enlarges the quantity of reading matter for this court's perusal.

Taking the trial court's findings of fact as a basis, we make the following statement of the case before us:

In a suit pending in the county court at law of Wichita county, in which appellant herein was plaintiff, and Mrs. W. H. Marshall and W. H. Marshall, her husband, were defendants, the plaintiff dismissed its suit against W. H. Marshall and was granted judgment by default against Mrs. W. H. Marshall. Such judgment was rendered on the 27th day of September, 1924. On the 7th day of August, 1925, nearly one year thereafter, the plaintiff in said judgment moved the court for an order nunc pro tunc to correct and reform said judgment in this, that said judgment recited the initials of Mrs. Marshall as "W. H.," when it should have been "N. H.," and the trial court thereupon entered such nunc pro tunc order correcting said judgment so that Mrs. Marshall's name appeared therein as "Mrs. N. H. Marshall." Neither Mrs. Marshall nor her husband were served with any character of notice of said original judgment or of the motion for the entering of the order correcting said original judgment, and knew nothing of the proceedings; there were no pleadings or data of any kind showing that there was really a mistake in Mrs. Marshall's initials occurring in the first original judgment. On the 22d of August, 1925, an execution was issued on said corrected judgment and such execution was levied upon property claimed by N. H. Marshall, as his separate property. On October 3, 1925, on application of Marshall and Mrs. Marshall, a temporary writ of injunction was granted in said cause, restraining the sale of the property so levied on. On the 8th day of December, 1925, judgment was rendered making permanent the temporary injunction.

It appears from the record that the defendant in said injunction proceedings filed certain exceptions and an answer. It further appears that such answer was filed, taken from the courthouse, and never called to the attention of the trial court, or to the attention of opposite counsel, prior to the rendition of the final judgment in the injunction proceedings. On October 25, 1926, the defendant in said injunction judgment, appellant here, filed its motion to vacate and set aside said injunction judgment on the hearing. On this motion to vacate, the trial court rendered judgment against the motion, and, from this judgment, appeal has been taken to this court.

[1] The trial court finds as a fact that the attorneys for appellant were guilty of negligence, in that they did not notify the court that they had filed an answer in said cause, and that they desired a hearing on said case, and also in that they did nothing more than file an answer which was not called to the attention of the court or counsel for the opposite party during that term and for many terms thereafter; that no accident, mistake, or fraud was practiced on the part of counsel for the plaintiff in obtaining the injunction judgment. There being no statement of facts, these findings by the trial court are conclusive on us. North American Insurance Company v. Jenkins (Tex. Civ. App.) 184 S. W. 307, 308; Harrison v. Fryar, 8 Tex. Civ. App. 524, 28 S. W. 250.

[2] We do not think the trial court erred in rendering judgment perpetuating the injunction. The filing of the answer, under the circumstances found by the court, could not avail the defendant. As stated by Judge Fly, in the case of Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451:

"Something more is required by a defendant than the mere filing of an answer. He is then presumed to be in court, and ready to see his rights protected, to call the attention of the court to his answer, and demand proof of the plaintiff's claim. * * *"

In the case of Pierson v. Burney, 15 Tex. 272, Justice Wheeler makes the following observations, in discussing the question of what duty rests upon a defendant who has filed an answer:

"In neither supposition can the fact that there was an answer on file in the case afford a ground for reversing the judgment. For if it was withdrawn, it is clear the judgment was rightly rendered; and, though not withdrawn, yet, if the defendant suffered judgment to be rendered against him, without bringing his answer to the attention of the court, and suffered the term to elapse, without moving the court to correct the mistake, he cannot take advantage of it on appeal or writ of error."

The Texarkana Court of Civil Appeals, speaking by Chief Justice Willson, laid down the following holding of that court:

"If the judgment in plaintiffs' favor should be construed as one by default, it would not follow that Wood's contention that it was erroneous as to him should be sustained, because he had filed an answer to their suit. It does not appear from anything in the record sent to this court that the attention of the trial court was called to the fact that he had filed an answer, or that he asked that the judgment be set aside at the term during which it was rendered. It has often been held that under such circumstances a judgment by default will not be disturbed. London Assurance Corporation v. Lee, 66 Tex. 247, 18 S. W. 508; Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451; Hopkins v. Donaho, 4 Tex. 336; Bartlett v. Jones [Tex. Civ. App.] 103 S. W. 707; McQueen v. McDaniel [Tex. Civ. App.] 109 S. W. 219." Wood v. Love (Tex. Civ. App.) 190 S. W. 235.

[3, 4] The fact that the answer was filed brought the defendant into court and placed him within its jurisdiction. Lytle v. Custead, supra. The fact that the trial court's attention was not called to the answer, with the request for a hearing, and that the answer was taken away from the courthouse, constitutes such negligence as, notwithstanding the filing of the answer, deprives defendant of any right to complain of the adverse judgment because of such answer having been filed.

Taking this view of the question decided, we do not deem it necessary to discuss the other assignments, and we affirm the trial court's judgment.