**ALLRIGHT, INC., Appellant,**

v.

**E. C. ROPER et ux., Appellees.**

**No. 589.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 8, 1972.

Rehearing Denied March 29, 1972.

Ben L. Aderholt, Tipton, Bishop & Company, Houston, for appellant.

John W. Lee, Watkins, Hamilton & Kolb, Houston, for appellees.

SAM D. JOHNSON, Justice.

Default judgment case. Plaintiff, E. C. Roper, originally brought suit against Allright Auto Parks, Inc. For $311.29 damage to his automobile when it was allegedly removed from defendant's parking lot

in which it had, for a fee, been deposited. Recovery was also sought in the amount of $147.74 for personal items allegedly stolen from the automobile during the time it was removed and missing from defendant's parking facility.

Upon discovering that Allright Auto Parks, Inc. did not operate that lot, an amended petition was filed by plaintiff which also brought suit against Allright, Inc., defendant herein. Plaintiff subsequently took a non-suit against Allright Auto Parks, Inc.

Service of citation was had on defendant Allright, Inc. by serving Mrs. Sue Alexander at 727 Bankers Mortgage Building in Houston, Texas. Defendant filed a motion to quash service stating that "she is neither the registered agent of the Defendant or an officer of Defendant corporation designated by law as one entitled to receive service of citation under V.A. T.S.Bus.Corp. Act, Art. 2.11 or Vernon's Ann.Civ.St., Art. 2029 . . . ". Filed simultaneously with, and attached to, defendant's motion to quash was defendant's answer which was expressly made subject to the hearing on its motion to quash. In its first paragraph the defendant's answer recited that it was " . . . being filed only subject to the foregoing Motion to Quash Service and the Defendant intends to rely upon said answer, only in case the foregoing Motion to Quash Service is overruled . . . ". Defendant's motion to quash service similarly recited that "The attached answer is made only subject to a hearing on this Motion to Quash Citation, and the Defendant or Defendants will rely on it only in case the Motion to Quash Citation is overruled."

At hearing, held on October 16, 1970, on defendant's motion to quash service of citation on defendant, Allright, Inc., such citation and service was quashed. The court's order was entered and signed on October 27, 1970. Over five months thereafter on March 29, 1971, default judgment

was rendered against the defendant Allright, Inc. in the sum of $372.56.

Defendant asserts five points of error the first of which relates to Rule 122, Tex. R.Civ.P., which provides:

"If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a. m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him."

Under such rule defendant claims the default judgment against it was erroneously entered since defendant timely appeared and filed an answer thereby making such rule inapplicable and any proceedings pursuant to such rule a nullity. Defendant further asserts error because plaintiff's claim was unliquidated and no jury trial thereon was had even though a jury fee was paid; because of the alleged inapplicability of Rule 122, Tex.R.Civ.P., defendant had no notice to appear; because no certificate of defendant's last known address was filed no notice was received according to Rule 239a, Tex.R.Civ.P.; and because granting default judgment was contrary to "fundamental justice and fairness". These points of error will be overruled.

The trial court clearly had in personam jurisdiction over this defendant, a Texas corporation. Citation not being properly served jurisdiction was not properly invoked and defendant correctly moved to quash service of citation. There is no mention here of any special appearance under Rule 120a, Tex.R.Civ.P. and such rule is not applicable.

Upon the trial court's granting of defendant's motion to quash service of citation it, the defendant, is deemed to have entered appearance on the Monday next after the expiration of twenty days; it is deemed to have been served so as to require it to appear and answer; if it fails to do so default judgment may be rendered against it. Rule 122, Tex.R.Civ.P. Defendant's motion to quash was granted and the court's order pursuant thereto recited that "All of the parties appeared herein by and through their attorneys of record and announced to the Court that they had agreed that defendant's motion was good and that the relief sought therein was proper". As a result of such action by the trial court Rule 122, Tex.R. Civ.P. by its own terms became applicable, absent any other operative circumstances.

■ At issue is whether the defendant's expressly conditional answer, to be relied upon only if its motion to quash be overruled, constitutes an answer when such motion was *not* overruled. Defendant places itself in the position of arguing that the condition expressly incorporated in its answer is a complete nullity. Defendant contends that a conditional answer is not recognized in Texas, and that the condition which it itself established as an operative contingency is to be ignored. Defendant therefore reasons that it has answered unequivocally and by so doing has appeared pursuant to Rule 121, Tex. R.Civ.P. A party making answer pursuant to Rule 121, Tex.R.Civ.P., obviates the necessity of service of citation upon it. We are of the opinion that there is a distinction to be drawn between appearance and answer. A conditional *appearance* is not recognized—a party appearing before a Texas Court in any capacity or condition except that prescribed by Rule 120a, Tex.R.Civ.P., invokes that court's jurisdiction. This is not to say, however, that one may not *answer* conditionally.

■ The case of London Assur. Corp. v. Lee, 66 Tex. 247, 18 S.W. 508 (1886) speaks directly to the issue here. There, as here, the defendant's pleadings were to be considered only in the event that the

**248**

motion to quash service was overruled. The motion was sustained, service quashed, and under the existing rules, the cause was continued to the next term of court. At that next term, default judgment was entered. In answering defendant's contention that answer was made, our Supreme Court stated:

"... as the defendant filed its answer conditionally, and with the express understanding that it was not to be considered as in the cause unless the motion to quash was overruled, and that motion was sustained, in compliance with its own request, the court was authorized to hold that it was without pleadings in the cause. ... An appearance without answer entitled the plaintiff to a judgment by default; ...".

As in that circumstance the defendant in the instant case has filed its answer conditionally, with the express recitation it was not to be considered as in the cause unless its motion to quash was overruled. It was not overruled; it was, with its own counsel's agreement, granted and the court did not err in considering the defendant was without answer. We consider Rule 122, Tex.R.Civ.P., under which the defendant is deemed served, to be applicable to the instant fact situation. It is by virtue of Rule 122, Tex.R.Civ.P., that the defendant had notice of appearance and answer date.

 It is recited in the judgment that the trial court heard evidence upon the matter of damages and resolved that issue accordingly. Such action is proper in light of defendant's waiver of trial by jury. See Rule 220, Tex.R.Civ.P.; 3 McDonald Texas Civil Practice sec. 11.03.2, p. 107 (1970). We have considered each of appellant's points of error and they are overruled.

The judgment of the trial court is affirmed.