

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00414-CV

WENDY KRITZER                                                                 APPELLANT

V.

SCOTT E. KASDEN, M.D. AND                                          APPELLEES
SCOTT E. KASDEN, M.D., P.A.

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-239282-09

----------

## MEMORANDUM OPINION[1]

----------

In six issues, Appellant Wendy Kritzer appeals the trial court's summary

judgment for Appellees Scott E. Kasden, M.D. and Scott E. Kasden, M.D., P.A.

(collectively, Dr. Kasden).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Kritzer hired Dr. Kasden to perform breast augmentation surgery and other pre- and post-operative medical services. *Kritzer v. Kasden*, No. 02-11-00460-CV, 2012 WL 4663239, at *1 (Tex. App.—Fort Worth Oct. 4, 2012, no pet.) (mem. op.). Kritzer paid for the surgery, which was completed in August 2007. *Id.* However, she had some issues healing after the surgery and saw other physicians due to Dr. Kasden's alleged failure to provide proper care. *Id.* Kritzer later sued Dr. Kasden for negligence and breach of contract under the Texas Medical Liability Act (TMLA). *Id.* The trial court dismissed the breach of contract claim, and after a trial, the jury returned a verdict in favor of Dr. Kasden on the negligence claim. *Id.* On appeal, we reversed the trial court's judgment granting the motion to dismiss, holding that the trial court could not grant Dr. Kasden's motion to dismiss because it was not a procedural vehicle available to Dr. Kasden. *Id.* at *2.

On remand, Dr. Kasden filed a motion for summary judgment asserting both traditional and no-evidence grounds. The trial court held a hearing and granted summary judgment in favor of Dr. Kasden. Following the hearing, the trial court signed a general summary judgment order.

When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915

2

S.W.2d 471, 473 (Tex. 1995). When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

Here, the trial court held a hearing on Dr. Kasden's motion and at the conclusion of the hearing stated the grounds on which it was granting the judgment. The trial court, however, signed an order that granted both the traditional and the no-evidence motion for summary judgment without specifying the particular grounds on which it based its decision. In her brief, Kritzer does not address the no-evidence grounds because she contends that they were not the basis for summary judgment.[2]

When the trial court informs the parties of the grounds on which it is granting the summary judgment but the order itself does not state those reasons, Texas precedent requires the parties to look to the judgment itself to determine such grounds. *See Hailey v. KTBS, Inc.*, 935 S.W.2d 857, 859 (Tex. App.—Texarkana 1996, no writ.); *Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 669 (Tex. App.—Texarkana 1996, writ denied); *Shannon v. Tex. Gen. Indem. Co.*, 889 S.W.2d 662, 664 (Tex. App.—Houston [14th Dist.] 1994, no

---

[2]Kritzer states in her appellant's brief, "Kritzer addresses in this Brief each of the arguments raised by Defendants in the Trial Court, other than the no evidence points that were not the basis for summary judgment."

3

writ.); *Taylor v. Taylor*, 747 S.W.2d 940, 944 (Tex. App.—Amarillo 1988, writ denied); *Frank v. Kuhnreich*, 546 S.W.2d 844, 847 (Tex. Civ. App.—San Antonio 1977, writ ref'd n.r.e.); *Brazos River Auth. v. Gilliam*, 429 S.W.2d 949, 951 (Tex. Civ. App.—Fort Worth 1968, writ ref'd n.r.e.).

The order here was a general order; therefore, Kritzer had to address each of the grounds raised in Dr. Kasden's summary judgment motion, including the no-evidence grounds. *See Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("It is the court's order that counts, not the stated reason or oral qualifications." (quoting *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex 1984), *disapproved of on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992))). In his no-evidence motion, Dr. Kasden asserted that there is no evidence that (1) a contract existed between the parties, (2) Kritzer entered into a contract with Dr. Kasden, (3) Dr. Kasden breached any contract with Kritzer, (4) Kritzer suffered any injuries or damages from any alleged breach of contract, (5) Dr. Kasden was negligent in the treatment of Kritzer, and (6) Dr. Kasden's alleged negligence proximately caused or contributed to any alleged injuries and/or damages of Kritzer. On appeal, Kritzer does not challenge any of these grounds.

Because Kritzer did not address the no-evidence grounds on appeal, we must affirm the summary judgment on these unchallenged grounds. *Bridges v. Citibank (S.D.) N.A.*, No. 02-06-00081-CV, 2006 WL 3751404, at *1 (Tex. App.—Fort Worth Dec. 21, 2006, no pet.) (holding that if a trial court's order granting

4

summary judgment is a general order, and the trial court's judgment rest on more than one independent ground or defense asserted by the movant, the aggrieved party must respond to each ground, or the judgment will be affirmed on the ground the party failed to attack); *see also Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 386 (Tex. App.—El Paso 2009, no pet.) (holding that "[w]hen a ground upon which summary judgment may have been rendered, whether properly or improperly, is not challenged, the judgment must be affirmed"); *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied) (same); *King v. Tex. Emp'rs' Ins. Ass'n*, 716 S.W.2d 181, 182 (Tex. App.—Fort Worth 1986, no writ.) (same).

Therefore, Kritzer's six issues are moot, and we affirm the trial court's order granting the motion for summary judgment on the unchallenged grounds.

PER CURIAM

PANEL:  MCCOY, GARDNER, and MEIER, JJ.

DELIVERED:  October 30, 2014