RICHARD HARRISON v. S. J. FRYAR ET AL.

No. 695.

**1. Recitals in Ancient Instruments.**—The recital in the contract between White and Rosell of a conveyance from Harrison (the original grantee of the certificate) to White, was admissible for the purpose of showing that White, Rosell, and the vendees of the latter had for more than thirty years claimed the land in controversy under a conveyance thus asserted to exist; and supplemented by other circumstances showing inability to procure better evidence of the existence of such a transfer, the assertion of a claim of ownership thereunder, etc., would have authorized the court to presume that Harrison had parted with his title to the certificate.

**2. Conclusions of Fact by the Trial Court.**—The judge is not required to state the evidence, but only his conclusions of fact, and in the absence of a statement of facts, we can not say that his conclusion, that the recital was true, was not supported by the evidence. If attacked upon the ground that it was not supported by the evidence, the evidence should have been brought up.

APPEAL from De Witt. Tried below before Hon. S. F. GRIMES.

*Pleasants & Bailey* and *A. B. Davidson,* for appellant.—1. A recital in a deed which has become an ancient instrument is only binding

upon the parties thereto and their privies; therefore the recitals in the deed introduced in evidence from S. A. White to Johnson Rosell, that he owned the land, in no way bound the appellant, Richard Harrison. Sayles' Civ. Stats., title 38, chap. 4, rule 32; Burke v. Turner, 79 Texas, 278; House v. Brent, 69 Texas, 27; Tucker v. Murphy, 66 Texas, 355; Houston v. Blythe, 60 Texas, 506.

2. The recital in the deed was that of S. A. White and Johnson Rosell to survey, locate, and take possession of another's land, and being in no way connected with John Harrison, the original grantee, does not bind Richard Harrison, his heir, who is not shown to have been a party to said agreement, or to have subsequently acquiesced in or ratified it. Such recitals in said deed was a self-serving declaration between S. A. White and Johnson Rosell, made for the purpose of taking possession of another's property, and unsupported by any evidence whatever on the trial of this cause. Sayles' Civ. Stats., title 38, chap. 4, rule 32; Houston v. Blythe, 60 Texas, 506; Williams v. Chandler, 25 Texas, 4.

*Glass, Callender & Carsner*, for appellees.—1. A land certificate being a chattel or personal property, may be sold and transferred by delivery without a conveyance in writing. Parker v. Spencer, 61 Texas, 155; Stone v. Brown, 54 Texas, 334, and authorities cited.

2. A conveyance may be presumed from the recitals in an ancient instrument. Lumber Co. v. Pinkard, 23 S. W. Rep., 720; Dailey v. Starr, 26 Texas, 562.

3. A deed more than thirty years old, which purports to have been executed by virtue of a power coming from the proper source, and free from suspicion, will by its recitals raise the presumption that the power to execute it existed. Johnson v. Timmons, 50 Texas, 534, and authorities cited.

4. It having been shown that S. A. White was in possession of the certificate by virtue of which the land in controversy was located, that he delivered the same to Johnson Rosell prior to April 15, 1858, and in his conveyance of the land to said Rosell, dated April 15, 1858, he declared that he owned the certificate as the representative of John Harrison; and it further appearing that said Rosell and his assigns had held the land located by virtue thereof ever since without adverse claim being asserted by the original grantee or his heirs, until the institution of this suit, a period of more than thirty years, the court did not err in presuming that the recitals in the deed from S. A. White to Rosell were true, that the defendants held the title to that part of the survey claimed by them, and rendering judgment in their favor therefor. Poor v. Boyce, 12 Texas, 448; Parker v. Spencer, 61 Texas, 164.

WILLIAMS, ASSOCIATE JUSTICE.—Errors are assigned in this appeal upon the admission of evidence and upon the conclusions of the

district judge alone. No exceptions were taken to the findings in the court below, and, in the motion which was made for a new trial, the only specifications of the ground urged were, generally, that "the judgment is contrary to law;" that "the judgment is contrary to the evidence;" and that "the judgment is contrary to the law and the evidence."

The conclusions of the trial judge were as follows:

"1. That the 640 acres of land was granted to John Harrison by patent from the State of Texas, date of January, 1872.

"2. That the south half of said 640 acres of land was conveyed by S. A. White to Johnson Rosell, by deed bearing date April 15, 1858, which deed recited that it was executed 'in accordance with a verbal contract made between myself and Johnson Rosell, of the county and State aforesaid, which contract was in substance as follows: The said Rosell agreed to locate and cause to · be surveyed and patented a tract of land of 640 acres, by virtue of a land warrant issued by the Secretary of War to John Harrison for 1280 acres of land, and owned by me as the representative of the said John Harrison, by virtue of deed of mesne conveyance.' I find the above recitals in said deed to be true, from the facts that said deed is an ancient instrument, and has been in the possession of the said Rosell and the McCombs since its execution.

"3. That said John Rosell conveyed to H. S. McComb the one-half section claimed by defendants, dated June 14, 1871.

"4. That the will of H. S. McComb has been probated in Texas, and by its provisions Victor Dupont and Edward L. Walthal were appointed special commissioners to divide the property of the estate and to allot to each of the children of H. S. McComb, including Ellen B. McComb, and that they were directed to make a deed to the share allotted to Ellen B. McComb to Elizabeth B. McComb and James C. McComb, as trustees for said Ellen B. McComb.

"5. A deed from the above named commissioners to Elizabeth B. McComb and James C. McComb, as trustees for Ellen B. McComb, for all lands in Texas, of date August 25, 1882; that the plaintiff, Richard Harrison, is the sole heir of John Harrison.

"6. That the title to the south half of said 640 acres of said grant is in Elizabeth B. McComb and James C. McComb, as trustees for Ellen B. McComb, and judgment ordered accordingly."

There is no statement of facts in the record, and our review of the rulings of the court must be based upon the bill of exception to the admission in evidence of the recital in the deed, stated in the findings, and the conclusion of law founded on the conclusion of fact.

*Opinion.*—The recital in the contract between White and Rosell, of a conveyance by Harrison to White of the certificate, was admissible for the purpose of showing that White, Rosell, and the vendees of the latter had, for more than thirty years, claimed the land in controversy under such a conveyance thus asserted by them to exist.

Supplemented by other circumstances, showing inability to produce better evidence of the existence of such a transfer, either oral or written, the assertion of a claim of ownership, etc., thereunder, such recital would authorize the court to presume or infer the fact in question; that is, that Harrison had parted with his title to the certificate to White.

Whether or not the other circumstances essential to give rise to such presumption were shown, we are not advised. The court concluded as a fact that the recital was true. Whether or not this conclusion was warranted by the evidence is a question which the absence of a statement of facts precludes us from determining, unless the findings of the judge on their face show that it was not.

The judge states, that he finds the recital to be true, "from the facts that said deed is an ancient instrument, and has been in the possession of the said Rosell and McCombs since its execution." It is urged that the facts here stated do not warrant the conclusion, and it may be true that they do not. But it is, we think, only the conclusion which we can look to, in reviewing the judgment without a statement of the evidence. The judge is not required to state the evidence, but only his conclusions; and he does not say that the facts mentioned were all that were put in evidence affecting the question. Consistently with those stated, every other fact necessary to give rise to the presumption of a conveyance from Harrison to White may have been shown, and may have added their force to those named in producing the conclusion at which the court arrived. Appellant, if he desired to attack the conclusion of fact as unsupported by the evidence, ought to have brought up the facts, or at least have pointed out to the court below, in the motion for new trial, the insufficiency of the evidence to support the conclusion.

The judgment is affirmed.

*Affirmed.*

Delivered November 8, 1894.