NORTH AMERICAN INS. CO. v. JENKINS.
(No. 7099.)

(Court of Civil Appeals of Texas. Galveston. Feb. 23, 1916.)

1. APPEAL AND ERROR ⬩⟶569(2) — MATTERS REVIEWABLE—RECORD ON APPEAL—STATEMENT OF FACTS.

Though an instrument called a "statement of facts" is found in the record, where it is not signed by counsel for plaintiff or approved by the court, it cannot be regarded as a statement of facts proved at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2531, 2532, 2543; Dec. Dig. ⬩⟶569(2).]

2. JUSTICES OF THE PEACE ⬩⟶141(2)—JURISDICTION—APPEAL.

Where a justice court has no jurisdiction of suits for the recovery of more than $200 under Const. art. 5, § 19, the court on appeal from the judgment of the justice court cannot award a sum in excess thereof, so that, where a suit was for $200 and the court gave judgment for the principal and a penalty and items exceeding the amount, the judgment was invalid.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 472; Dec. Dig. ⬩⟶141(2).]

3. APPEAL AND ERROR ⬩⟶1132 — REFUSAL — WHEN NECESSARY.

Where a judgment of the county court affirming a justice court's judgment added a penalty and items in excess of the amount legally within the jurisdiction of the justice court, though the judgment was invalid, it could be reformed and affirmed instead of being reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4447; Dec. Dig. ⬩⟶1132.]

4. INSURANCE ⬩⟶186(2) — ACCIDENT INSURANCE—PREMIUMS—TIME OF PAYMENT.

Whether time for payment of premiums on a policy of accident insurance is of the essence of the contract depends altogether on the wording thereof, and it cannot be said that as a matter of law time is of the essence.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬩⟶186(2).]

5. APPEAL AND ERROR ⬩⟶544(1) — MATTERS REVIEWABLE—RECORD ON APPEAL.

The court on appeal cannot say that the conclusion reached by the trial judge was erroneous, in the absence of a statement of facts as to the disputed question; the conclusion being all that is required of the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2412; Dec. Dig. ⬩⟶544(1).]

6. APPEAL AND ERROR ⬩⟶294(1) — MATTERS REVIEWABLE—RESERVATION OF EXCEPTIONS.

Where a party desires to have the judge's conclusion reviewed, he should call attention to alleged insufficiency of evidence in a motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1727, 1732, 1733; Dec. Dig. ⬩⟶294(1).]

Error from Galveston County Court; George E. Mann, Judge.

Action by Edna Jenkins against the North American Insurance Company. From a judgment of the county court affirming judgment of the justice court for plaintiff, defendant brings error. Reformed and affirmed.

Wilson & Webb, of Galveston, for plaintiff in error. O. S. York, of Galveston, for defendant in error.

McMEANS, J. Edna Jenkins brought this suit against the North American Accident Insurance Company in the justice court of Galveston county to recover $200, the amount of an accident insurance policy issued by defendant to her husband, Edward Jenkins, in which she was named as beneficiary; the said Edward Jenkins having been killed. A trial in the justice court resulted in a judgment for plaintiff for the amount sued for. The defendant appealed the case to the county court, where, upon a trial before the court without a jury, a judg-

ment was rendered for plaintiff for $200, the amount of the policy, and for $50 as attorney's fees and 12 per cent. penalty, amounting to $24, aggregating $274. From this judgment the defendant has prosecuted a writ of error to this court.

[1] No statement of facts accompanies the record. An instrument styled "statement of facts" is found among the papers of the case, but it does not appear to have been signed by the counsel for the plaintiff or approved by the court, and it cannot therefore be regarded as a statement of the facts proved at the trial. The court, however, reduced to writing and filed its findings of fact, and we here copy the same:

"The policy sued on was issued by defendant on life of Jenkins, payable to his wife, the plaintiff; premium $1.50 payable first day of each month in advance. Insured paid at such times as was convenient, seldom on day premium was due. On January 18th insured paid for December, and told agent he would have to call again for the January payment. This was assented to. A few days afterwards, insured was stabbed, and his wife sent for the agent and told him she wanted to pay for January. He told her that, as her husband was stabbed, he could not receive the premium. The husband died next day from the wound."

Upon the foregoing findings of fact, the court concluded as a matter of law that:

"The custom of the company in receiving premiums after due dates, and the offer of the wife to pay, render the company liable. The clause of the policy and 'General Agreement' is so involved and complicated that no negro could be expected to understand it, and the court does not understand it, as to when less than the whole amount of policy is to be paid, and therefore I conclude plaintiff is entitled to full amount, $200, of the policy and reasonable attorney fees, fixed by the court at $50, and statutory damages of 12 per cent."

[2] We are confronted in limine with what appears to be a fundamental error apparent upon the face of the record in the proceedings in the county court. The transcript from the justice court shows that plaintiff's suit was for the recovery of exactly $200. This was an amount within the jurisdiction of that court. Article 5, § 19, Constitution. It does not appear that either of the parties filed written pleadings in either court, or that the plaintiff after the case reached the county court sought a judgment for a greater sum than that sued for in the justice court; but, notwithstanding this, the county court not only rendered judgment for plaintiff upon the item and for the amount sued for in the justice court, but upon other items and for additional amounts which made the amount of the recovery beyond the jurisdiction of the justice court. It is well settled that an appeal cannot confer upon an appellate court jurisdiction which the court a quo did not possess. Taylor v. Lee, 139 S. W. 908, and authorities cited. The justice court not having jurisdiction where the amount in controversy exceeds $200, the county court's jurisdiction is limited to sums not in excess of that amount, because the county court acquired by the appeal only such jurisdiction as the justice court had. The rendition of the judgment for $274 is therefore clearly erroneous.

[3] But we are not under the necessity of reversing the judgment and remanding the case on account of the error, because the judgment, if no other error is pointed out which requires a reversal, may be reformed by omitting therefrom a recovery for the items of attorney's fee and penalty, for which the court erroneously gave judgment, thereby leaving in force and effect a judgment for $200, being the amount of the policy sued upon and which amount was within the jurisdiction of the court.

[4, 5] Error is assigned to the refusal of the court to set the judgment aside because, as plaintiff in error contends, the same is not based upon the findings of the court as filed. It is contended under this assignment, in effect, that when a policy of insurance provides that the premium shall be paid on a stipulated day, time becomes of the essence of the contract, and the failure to pay the premium at the time stipulated determines it in the absence of waiver or estoppel; and that under the judge's fact findings he should have concluded as a matter of law that the policy was forfeited.

Whether the obligation to pay a premium at a time specified is of the essence of the contract of insurance largely depends upon the provisions of the contract itself. The contract is not before us, not having been brought up in a statement of facts, and its provisions are not recited in the court's findings. We do not know as a fact that there was a provision of the policy providing for a forfeiture in case of a failure to pay the premium at the time stipulated, nor can we say that there was not a provision which justified the conclusion that the custom of receiving premiums after maturity and the offer to pay the premium which was refused did not constitute a waiver of payment at the time specified in the policy. The court concluded that the custom of the company in receiving premiums after due dates, and the offer to pay the last premium after its maturity, rendered the company liable. Whether or not this conclusion was warranted by the evidence is a question which the absence of a statement of facts precludes us from determining, unless the findings of the judge, on their face, show that it was not. Harrison v. Fryar, 8 Tex. Civ. App. 524, 28 S. W. 250. The findings of the judge are in no wise inconsistent with his conclusion, and it is only the conclusion which we can look to in reviewing a judgment without a statement of the evidence. The judge is not required to state the evidence, but only his conclusion, and he does not say that the facts mentioned were all that were put in evidence affecting the question. Consistently with those stated, every other fact necessary

to justify his conclusion may have been shown, and may have added their force to those named in producing the conclusion at which the court arrived.

[6] Appellant, if it desired to attack the conclusions as unsupported by the evidence, ought to have brought up the facts, or at least have pointed out to the court below, in a motion for a new trial, the insufficiency of the evidence to support the conclusion. The judgment of the court below will be reformed so as to deny recovery for a sum in excess of $200, the amount sued for in the justice court, and as reformed is affirmed.

Reformed and affirmed.