## JOHN W. MIDDLETON v. JOHN D. McCAMANT.

1. It is error to render judgment by default when a defective plea of *non est factum* is on file.
2. The proper practice requires that such plea be excepted to, and the exceptions insisted upon.

ERROR from Hood. Tried below before the Hon. Chas. Soward.

Suit on a promissory note; defendant pleaded, *non est factum*, that since he signed the note it had been altered by inserting the words "in gold." Exceptions were filed to the plea, but not acted on.

The plaintiff amended, alleging that the note had been taken by an agent, and for a coin account; and that if such alteration had been made, it had been done by a stranger, and without the knowledge of plaintiff; asking that the note be held evidence of indebtedness to the amount in currency.

Judgment by default was rendered for the face of the note in currency, from which appeal has been taken.

*Wm. Alexander*, for plaintiff in error.

*Walton & Green*, for defendant in error, cited Paschal's Digest, Article 1508 ; Dallam, 587, Hamilton v. Black; 1 Texas, Cartwright v. Roff ; 6 Texas, Wheeler v. Pope; 4 Texas, Burton v. Lawrence.

OGDEN, P. J.—This suit was originally brought by defendant in error against the plaintiff in error on a promissory note. The defendant below appeared and filed a plea of *non est factum*, setting up the fact that since the making and signing of the note sued on, the same had, without his knowledge or consent, been changed or altered in a material matter, and therefore the note sued on is not his own act or deed.

The minutes of the court show no action whatever on this plea, but the judge's docket shows that the plea was stricken out, and at a subsequent term of the court a judgment was rendered by default against the defendant. This was error. The plea of *non est factum* put in issue the execution of the note, and the defendant had a right to a verdict of a jury upon the issue presented, and it was error in the court in striking out that plea. But the minutes do not show that the plea was stricken out, and if not, then the whole cause, with the plea, should have been presented to the jury for their finding, and the failure to do this constitutes such an error as will vitiate the judgment.

The defendant had appeared and set up his defense, which he had a right to do, and which entitled him to a trial by a jury, unless he saw proper expressly to waive the same, which he did not do, and we think it the duty of this court to award him the opportunity of having his rights determined according to law.

The return of the sheriff is manifestly defective, and insufficient to support a judgment by default; but the appearance of the defendant in the court below cured that

defect, and he now has no right to complain of the want of proper service, as he has voluntarily placed himself within the jurisdiction of the court.

But for the error indicated, we think the judgment should be reversed and the cause remanded for a trial by jury.

REVERSED AND REMANDED.