FRITZ SCHWARTZLOSE ET AL. V. EMILY WAGNER ET AL.

Decided May 11, 1904.

**Cross-Action—Citation—Void Judgment.**

The defendants in a cross-action by their codefendant have the same right to be served with citation, process or notice advising them of the relief sought as defendants in an original suit, and a judgment rendered without such service or appearance is void.

Appeal from the District Court of Guadalupe. Tried below before Hon. M. Kennon.

No briefs for appellants.

*Dibrell & Mosheim,* for appellees.

NEILL, ASSOCIATE JUSTICE.—The appellants having failed to prepare this case for submission, by omitting to file briefs as required by the rules of this court, and the appellees having, before the case was called for submission, filed in this court a brief in the manner required by appellants, we will, under rule 42 of this court, regard it as a correct presentation of this case without examining the record further than to see that the judgment is one that can be affirmed upon the view presented by appellees.

Looking to the record for this purpose, we find that it shows (1) that the original petition in the case was filed on the 18th day of April, 1903, by Charlotta Mechlitz, as plaintiff, against F. C. Weinert, Emily Wagner, Ernest Wagner, Willie Dietert, Alma Dietert, Henry Glenewinkel, Augusta Glenewinkel, Fritz Schwartzlose, Caroline Schwartzlose, and Julius Mehlitz, as defendants, all of whom were cited to answer said petition, for the purpose of canceling a certain written agreement, to which plaintiff was not a party, made among themselves by all the defendants except F. C. Weinert, and to recover the property both real and personal of plaintiff, which the defendant Weinert had, without plaintiff's consent, been placed in possession of, and was holding by virtue of such agreement. (2) That on November 2, 1903, Emily Wagner, joined by her husband Ernest Wagner; Alma Dietert, joined by her husband Willie Dietert; Olga Glenewinkel, joined by her husband Henry Glenewinkel, filed a cross-action against their codefendants, Caroline Schwartzlose, joined by her husband Fritz Schwartzlose, and Julius Mehlitz, in which they alleged that they and their codefendants, against whom the cross-action was filed, are the sole heirs of the plaintiff Charlotta Mehlitz, who owns an estate of 519 acres of land of the probable value of $20,000, and personal property of the value of $5000; that on or about the 6th day of September, 1901, and for a few months prior thereto, complainants and other defendants were struggling by legitimate means to get control of plaintiff's property, and each endeavoring to induce her to make a will, and in the distribution of the property give such one an

advantage; that by reason of this constant struggle some of the parties made an affidavit with the view to secure for Charlotta Mehlitz a person who was impartial to look after and care for the property and protect the same from the rapacity of the contending parties; and that after the struggle had culminated in legal proceedings, the parties then feeling that it would be best for all parties to compromise matters and settle the contest by an amicable agreement, and, for the purpose of such settlement and for the purpose of avoiding unpleasant litigation likely to grow out of a contest of any will that said Charlotta Mehlitz might make to any of said parties, all the defendants on the 6th day of September, 1901, entered into a written agreement duly signed, acknowledged and delivered, whereby they agreed that they were the sole prospective heirs of the said Charlotta Mehlitz, and, among other things, that any and all wills and testaments made by said Charlotta Mehlitz or which might perchance be made in the future, should be declared null and void, and that any such will should not be recognized by any of said parties; and further, that all instruments, deeds, powers of attorney and wills made or purported to have been made or that might perchance be thereafter made by said Charlotta Mehlitz, in so far as any such instrument might affect any of said parties to the detriment of the other, should be held null and void. (A copy of which instrument was attached to the cross-bill.) Complainants then allege that the defendants Fritz Schwartzlose and Caroline Schwartzlose and Julius Mehlitz have been conspiring together for the purpose of setting aside said agreement and had instituted this suit in the name of the plaintiff Charlotta Mehlitz for the false and fraudulent purpose of setting aside and annulling said agreement, and that in violation of its terms and stipulations had since its execution induced Charlotta Mehlitz to execute a power of attorney to Fritz Schwartzlose, whereby they might get control of said property contrary to the terms of said agreement, and had also induced Charlotta Mehlitz to make a will disposing of her property contrary to the rules of inheritance and affecting these complaining defendants. That said agreement is based upon a valuable consideration and that same is not in contravention of public policy, and is and has been since its execution and delivery valid and subsisting, and in no manner broken or abridged by complainants, who desire the same to be upheld and validated by a judgment of the court in which the suit was instituted. The prayer in the cross-bill was that the complaining defendants have judgment against their codefendants establishing the validity of said agreement as affirmative relief against their codefendants, for costs and for general and equitable relief. (3) The record further shows that such defendants in the original suit as were made defendants in the cross-action never appeared in the case nor answered the original petition, and that none of them was cited to answer codefendants' cross-bill, and that none of them appeared or answered said cross-bill of their codefendants. (4) That on the 27th day of November, 1903, the case was called for trial, and the plaintiff

Charlotta Mehlitz came by her attorneys and declined to prosecute the suit, she not having authorized its institution, and it was dismissed so far as she was concerned, and in so far as her cause of action affects the defendants; that the defendants who are complainants in the cross-bill then appeared, and the court having heard evidence in support of their cross-bill, rendered judgment in their favor against their codefendants, validating the agreement described in and attached to their cross-bill, and ordered and decreed that the defendants "Caroline Schwartzlose, joined by her husband Fritz Schwartzlose, and Julius Mehlitz, be forever precluded and denied the right to question the validity and binding effect of said agreement." It was further ordered and adjudged that the plaintiff Charlotta Mehlitz go hence and recover of defendant Fritz Schwartzlose all costs in this behalf incurred by virtue of the institution of this suit up to the time of filing the cross-action by the complaining defendants. It was also adjudged that the complaining defendants recover of defendants Fritz Schwartzlose, Caroline Schwartzlose and Julius Mehlitz all costs in this behalf incurred after the filing of the cross-action. (5) After said judgment was rendered, it appears from the record that Fritz Schwartzlose and his wife Caroline and Julius Mehlitz, on the 28th day of November, 1903, for the first time appeared in the case and then filed a motion for a new trial and to set aside the judgment rendered on the cross-bill against them, for the reason that they were never served with citation, process or notice advising them of the relief sought by the plea in reconvention filed by their codefendants. (6) That their motion was overruled by the court on the same day, and that they then gave notice of appeal to this court. That they perfected their appeal by giving bond on the 11th day of December, 1903, and on the 12th day of February, 1904, filed an assignment of errors, which complains that the court erred in overruling their motion for a new trial because they were never at any time served with citation, process or notice covering or advising them of the relief sought by the plea in reconvention filed by complainants in their cross-bill, and never appeared or answered in said cause, and that said judgment entered on said plea in reconvention against them is a nullity. (7) That appellants applied for a transcript of the record on the 11th day of December, 1903, and that it was delivered to their attorney of record on the 7th day of February, 1904, and was filed in this court on the 10th day of March, 1904.

Upon this record the judgment can not be affirmed upon the view presented by appellees in their brief, for it is absolutely void. As is said by the Supreme Court: "The cross-bill as an independent action was as much under the control of the defendants as was the original suit subject to the will of plaintiff, and it follows logically that the same means should have been used to call upon the defendants to the cross-bill to answer its charges as were required by law to compel defendants in the original suit to appear and plead to that complaint." Harris v. Schlinke, 95 Texas, 88.

We need not pass upon the validity of the extraordinary agreement sought to be upheld by the judgment. It is sufficient to say now that a judgment against parties who have never been served with process in a case and have never appeared nor answered in the suit is null and void, and that no court can stultify itself by affirming a void judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*