## WOOD v. LOVE et al. (No. 1659.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1916. Rehearing Denied Nov. 30, 1916.)

1. JUDGMENT ⬅️107—DEFAULT—ANSWER ON FILE.

A judgment by default when an answer was on file will not be set aside, where the defendant did not call the trial court's attention to the answer or move to set the judgment aside during the term at which it was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 198–200; Dec. Dig. .⬅️107.]

2. JUDGMENT ⬅️17(1)—DEFAULT—RECORD — REQUISITES.

To support a judgment by default, the record must show affirmatively, either service of process on the defendant, a waiver of such service, or an appearance by him, and where the record is silent as to service of a citation in the cross-action by one defendant against another, a judgment by default on such action must be set aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 25; Dec. Dig. ⬅️17(1).]

3. APPEAL AND ERROR ⬅️1173(1)—DISPOSITION OF THE CASE—REVERSAL OF JUDGMENT IN CROSS-ACTION.

Where in trespass to try title against a party and his grantee, a judgment in plaintiff's favor for the land was properly entered by default, and a judgment was improperly rendered by default on the grantee's cross-action against his codefendant, the latter judgment can be reversed without reversing the former, under Court of Civil Appeals rule 62a (149 S. W. x), providing that where the error affects part only of the matter in controversy and the issues are severable, the judgment shall be reversed only as to the part affected by the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4567, 4569, 4656; Dec. Dig. ⬅️1173(1).]

Error from District Court, Bowie County; H. F. O'Neal, Judge.

Trespass to try title by B. F. Love and others against F. M. Wood and one Groves. Judgment for the plaintiffs against both defendants, and for the defendant Groves against the defendant Wood and defendant Wood brings error. Judgment in favor of plaintiffs against both defendants affirmed, and judgment in favor of defendant Groves against defendant Wood reversed.

This was a suit of trespass to try title, the land in question being about 400 acres of the David Jarrett survey in Bowie county. It was commenced by defendants in error Love, the Davises, and Street, who hereinafter will be designated as plaintiffs, against plaintiff in error Wood and defendant in error Groves, April 17, 1914. May 19, 1914, Wood filed an answer, in which, after pleading "not guilty" and denying that plaintiffs had title to the land, he set up title in himself by virtue of the three, five, and ten years' statute of limitations. On the same day, to wit, May 19, 1914, Groves filed an answer, in which he (1) disclaimed as to all the land except 75 acres thereof, pleading "not guilty" as to said 75 acres; (2) set up that Wood had conveyed the 75 acres to him in consideration of $1,000 paid and promissory notes aggregating $500, by a deed containing a covenant warranting the title; and (3) prayed that in the event plaintiffs recovered the 75 acres of him he have judgment against Wood for the $1,000 he had paid to him and canceling the notes referred to. June 29, 1915, judgment was rendered in favor of plaintiffs against both Wood and Groves for all the land sued for, and in favor of Groves against Wood for $1,000, interest thereon from April 22, 1913, the date of the deed to the former from the latter, and canceling the notes referred to. The cause is before this court on a writ of error sued out by Wood December 24, 1915.

S. A. Brown and Chas. S. Todd, both of Texarkana, for plaintiff in error. J. B. Manning and Johnson & Boswell, all of New Boston, and Mahaffey, Keeney & Dalby, of Texarkana, for defendants in error.

WILLSON, C. J. (after stating the facts as above). [1] In the judgment it is recited that the plaintiffs and Groves appeared by their respective attorneys—

"but the defendant F. M. Wood failed to appear, either in person or by attorneys; and a jury being waived and all parties present announced ready for trial, and the matter of law as well as of evidence and pleadings being submitted to the court, the court, after hearing the evidence, law, and argument of counsel, is of the opinion that plaintiffs ought to recover of the defendant, and that J. M. Groves ought to recover against F. M. Wood on their cross-action herein."

It is insisted that it appears from the recital just set out that the judgment against Wood was by default, and that it should be set aside in so far as it is in favor of plaintiffs, because, Wood having filed an answer to their suit, such a judgment against him was unauthorized, and that it should be set aside in so far as it is in favor of Groves, because it was rendered in the absence of notice to Wood of Groves' cross-action against him.

If the judgment in plaintiffs' favor should be construed as one by default, it would not follow that Wood's contention that it was erroneous as to him should be sustained, because he had filed an answer to their suit. It does not appear from anything in the record sent to this court that the attention of the trial court was called to the fact that he had filed an answer, or that he asked that the judgment be set aside at the term during which it was rendered. It has often been held that under such circumstances a judgment by default will not be disturbed. London Association Corporation v. Lee, 66 Tex. 247, 18 S. W. 508; Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451; Hopkins v. Donaho, 4 Tex. 336; Bartlett v. Jones, 103 S. W. 707; McQueen v. McDaniel, 109 S. W. 219.

In London Association Corporation v. Lee,

cited above, the judgment was by default when an answer was filed. The cause was before the appellate court on writ of error, as this one is. The Supreme Court said:

"There is nothing in the record to show that the defendant called its pleading to the attention of the court or insisted upon their consideration, or asked that the judgment be set aside at the term during which it was rendered. It was presumptively in court after it had answered, and its duty was to look after its interest in the cause. It neither objected to the interlocutory judgment by default, nor appeared to look after the case when before the court upon writ of inquiry. This court has frequently held that, under such circumstances, it will presume that the defendant waived an answer and the judgment will not be disturbed."

In Lytle v. Custead, another of the cases cited above, the Court of Civil Appeals said:

"One of the errors assigned is the action of the court in rendering a judgment by default against defendants when their answer was on file. This assignment is untenable. Something more is required of a defendant than the mere filing of an answer. He is then presumed to be in court, and ready to see his rights protected, to call the attention of the court to his answer, and demand proof of plaintiff's claim."

As supporting his view of the law Wood cites Ryburn v. Nail, 4 Tex. 305; McKaughan v. Harrison, 25 Tex. Supp. 461; Middleton v. McCamant, 39 Tex. 146; City of Jefferson v. Jones, 74 Tex. 635, 12 S. W. 749; Cruger v. McCracken, 26 S. W. 282; Sevier v. Turner, 33 S. W. 294; and Railway Co. v. Epps, 117 S. W. 1012. An examination of these cases will show that in each of them, where the question was involved, the appellant either was present, urging a consideration of his answer, or had sought during the term at which the judgment against him was rendered to have same set aside. None of them, therefore, can be said to support Wood's view of the law.

[2] Wood's contention with reference to the recovery had by Groves against him is that same was unauthorized because it "appears of record" that "there was never any process of citation issued or served" on him, and that "there was never any appearance by" him "to answer the cross-action." It does not so appear in the record sent to this court. On the contrary, the record here is silent as to whether Wood had notice of the filing of the cross-action or not. But treating the judgment in Groves' favor as one by

default, as we think it should be treated, it should be reversed, notwithstanding the silence of the record, if, to authorize it, Wood must have had notice of the filing of the cross-action; for the rule is that to support a judgment by default the record must show affirmatively, either service of process on the defendant, a waiver by him of such service, or an appearance by him in answer to the adverse party's suit. Bates v. Casey, 61 Tex. 592; Shook v. Laufer, 84 S. W. 277; Mayhew v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957; Burditt v. Howth, 45 Tex. 466. That judgment by default on the cross-action was unauthorized in the absence of a citation to Wood is established by the following, among other cases: Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Boyce v. Concho Cattle Co., 70 S. W. 356; Field v. O'Connor, 80 S. W. 872; Schwartzlose v. Wagner, 36 Tex. Civ. App. 83, 81 S. W. 70; Breneman v. Lumber Co., 12 Tex. Civ. App. 517, 34 S. W. 198; Simon v. Day, 84 Tex. 520, 19 S. W. 691; Roller v. Ried, 87 Tex. 69, 26 S. W. 1060; Crain v. Wright, 60 Tex. 515.

It follows from what we have said that we are of opinion the judgment should be affirmed in so far as it is in favor of the plaintiffs against Wood and Groves, and reversed in so far as it is in favor of Groves against Wood. It will be so ordered, and the cause will be remanded for a new trial as between Wood and Groves.

[3] In the oral argument on the submission of the cause it was urged on behalf of Wood that if it was determined that the judgment was erroneous in so far as it was in favor of Groves, it should be set aside, not only in that respect, but also in so far as it was in favor of plaintiffs. The issue between the plaintiffs and the defendants Wood and Groves was one of title to the land. The issue between Wood and Groves was as to the right of the latter to recover on the contract of the former warranting the title. Both Wood and Groves having had their "day in court" on the issue between them and plaintiffs, we see no reason in law, why the judgment disposing of that issue should be disturbed; and, without disregarding the rules applicable (rule 62a [149 S. W. x] for the government of Courts of Civil Appeals; Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548), we think it cannot be disturbed.