BRADFORD SUPPLY CO. v. D. F. CONNELLY AGENCY, Inc. (No. 7344.)

(Court of Civil Appeals of Texas. San Antonio. April 29, 1925.)

Judgment ⚖119—Default judgment on appearance day permissible.

Judgment for default may, under Rev. St. art. 1936, be rendered on appearance day, defendant having filed only a plea of privilege, which was overruled on hearing of evidence thereon; there being nothing to the contrary in article 1943.

Error from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by the D. F. Connelly Agency, Inc., against the Bradford Supply Company. On appeal from the justice court, there was judgment by default for plaintiff, and defendant brings error. Affirmed.

Keys & Mason, of Mexia, for plaintiff in error.

C. H. Milliken, of Fort Worth, for defendant in error.

FLY, C. J. This suit originated in the justice's court and was for the sum of $175, claimed by defendant in error to be due it by plaintiff in error. In the justice's court plaintiff in error pleaded its privilege to be sued in Limestone county, which was overruled by the justice of the peace, and a judgment by default rendered against plaintiff in error for $175.77. The cause was appealed to the county court, where defendant in error filed a petition setting up conversion of a certain "McWhite special cast steel rotary line," whatever that may be. Plaintiff in error answered by a plea of privilege to be sued in precinct No. 4, Limestone county. Defendant in error filed a controverting affidavit. Judgment by default was rendered in a county court on the appearance day for the cause, in favor of defendant in error for the amount sued for. On July 3, 1923, after hearing the testimony, the plea of privilege was overruled, and no question is raised in this court as to that action on the plea of privilege. It is ignored by both parties and seems to be abandoned by plaintiff in error.

It is claimed by plaintiff in error that a judgment by default cannot be legally taken on appearance day and that a judgment taken on that day is null and void. This writ of error is based on that proposition alone.

Articles 1936 and 1943, Revised Statutes, are cited as sustaining the proposition, but we have not been favored with any suggestion as to what part of either of the articles upholds the contention of plaintiff in error. We find nothing in either article that inhibits the rendition of a judgment by default on appearance day. On the other hand, in article 1936 it is provided:

"Upon the call of the appearance docket, or at any time after appearance day, the plaintiff may take judgment by default against any defendant who has been duly served with process and who has not previously filed an answer."

If the plea of privilege be deemed an answer, evidence was heard on the plea by the court and then a judgment by default was rendered on appearance day, which is the second day of the term. Lytle v. Custead, 4 Tex. Civ. App. 490, 23 S. W. 451; Bartlett v. Jones (Tex. Civ. App.) 103 S. W. 705; Wood v. Love (Tex. Civ. App.) 190 S. W. 235.

The judgment is affirmed.