### D. F. CONNOLLY AGENCY, Inc., v. POPEJOY et al. (No. 11633.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 13, 1926. Rehearing Denied Dec. 11, 1926.)

1. Judgment ☞432—Valid judgment will not be set aside in new suit without showing why equities were not presented in suit prior to rendition.

Judgment valid on its face will not be set aside or enjoined in new suit without showing equities and sufficient excuse why they were not presented in suit prior to rendition.

2. Injunction ☞7—Injunction is not available as substitute for appeal.

Equitable remedy of injunction is not available as substitute for legal remedy of appeal.

3. Judgment ☞407(4)—Judgment void on its face may be enjoined without resort to appeal.

Judgment void on its face may be enjoined at any time in independent action without resort to remedy of appeal.

4. Appeal and error ☞707(1)—Where no copy of judgment enjoined is in record, reviewing court cannot say it was valid.

Where record contains no copy of judgment enjoined and there is no statement of facts showing its effect, reviewing court cannot say that judgment enjoined was valid, in view of contrary conclusion from judgment appealed from.

5. Appeal and error ☞901—Appellant has burden of showing reversible error.

Burden is on party appealing to show reversible error.

6. Appeal and error ☞931(1)—Presumptions are in favor of judgment.

All presumptions are in favor of judgment.

7. Appeal and error ☞1043(5)—Judgment creditor held under facts not harmed by injunction against judgment against sheriff for refusal to levy execution after appeal by debtor (Rev. St. 1925, arts. 3772, 3825).

Judgment creditor *held* under· facts not harmed by injunction restraining .enforcement of judgment against sheriff under Rev. St. 1925, art. 3825, for refusal to levy execution, where judgment was rendered after judgment debtor filed appeal and supersedeas bond under article 3772.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit for injunction by Whit Popejoy and others against the D. F. Connolly Agency, Incorporated. From judgment for plaintiffs, defendant appeals. Affirmed.

C. H. Milliken, of Fort Worth, for appellant.

Keys & Mason, of Mexia, for appellees.

CONNER, C. J. This is an appeal from an order of a county court perpetually .enjoining a judgment against Whit Popejoy, sheriff of Limestone county, Tex., and Z. Anglin and Dan Parker, sureties on his official bond, for the sum of $197.47. The judgment was in favor of D. F. Connolly Agency, Incorporated. It is recited in the pleadings that D. F. Connolly Agency, Incorporated, had instituted a suit in the justice court of Tarrant county against the Bradford Supply Company, and in said court took a judgment for principal, interest, and costs, amounting to the total sum of $197.47; that from this judgment the Bradford Supply Company appealed to the county court "as required by law," in which latter court D. F. Connolly Agency, Incorporated, took a default judgment on appearance day of the county court; that upon the judgment of the county court an execution was placed in the hands of Whit Popejoy for service, which he refused to levy "without an indemnity bond," which D. F. Connolly Agency, Incorporated, "refused to furnish"; that "while the negotiations were pending for the indemnity bond" the Brad-

---

ford Supply Company sued out a writ of error and "filed its petition and supersedeas bond as the law required." It is further recited that "immediately prior" to the perfecting of this writ of error, counsel for the D. F. Connolly Agency, Incorporated, filed a motion in the county court citing Whit Popejoy and his sureties to appear and show cause why execution had not been served and prayed for judgment against those parties which the court granted in the sum of $197.-47. It was alleged that this motion was set down and heard and judgment entered after the writ of error had been perfected.

No appeal seems to have been perfected from the judgment upon the motion so stated, and the present action is one in which said sheriff and his sureties sought to enjoin the judgment against them, rendered upon the motion referred to. As already stated, the prayer for the writ of injunction was granted and the injunction made perpetual, and it is from this judgment perpetuating the injunction that the present appeal has been prosecuted by and in behalf of D. F. Connolly Agency, Incorporated.

[1-7] We agree with appellant's general propositions that a judgment valid on its face will not be set aside or enjoined in a new suit for that purpose without a showing of equities in his favor and without a showing of sufficient excuse why such equities were not presented in the suit prior to the rendition of the judgment; and also with the further contention that the equitable remedy of injunction is not available as a substitute for the legal remedy of appeal. We will not therefore attempt to discuss or determine whether the appellee sheriff was justified in refusing to levy the writ of execution in his hands because of the refusal of the plaintiff in the judgment to give him an indemnity bond, or because of any other defensive matter not presented in the present action and that might have been presented in the proceedings on the motion against the sheriff and on an appeal from the resulting judgment. It is well settled, however, that a judgment void on its face may be enjoined at any time in an independent action without resort to the remedy of appeal. But the record before us fails to contain a copy of the judgment enjoined, and there is no statement of facts presented showing the tenor or effect of such judgment. The burden is undoubtedly upon appellant to show reversible error, and we do not from the record feel authorized to say that the judgment enjoined by the lower court was valid on its face, in the absence of a copy of the judgment and of a statement of facts showing its tenor and effect. The judgment from which the appeal is prosecuted imports the contrary conclusion, the rule being that all presumptions are in favor of the judgment. Moreover, it is statutory with us when an execution has been issued, and a supersedeas bond afterwards is filed and approved within the time prescribed by law, that all further proceedings under such execution are suspended. Rev. Civ. Statutes 1925, art. 3772.

It affirmatively appears from the verified petition for the writ of injunction that the judgment upon the motion was rendered after an appeal with supersedeas bond had been taken from the judgment by virtue of which the execution issued, and appellant nowhere seeks to deny this fact, and this fact must be assumed from the judgment to have been found by the court below. It would seem, therefore, that action upon the motion was immediately suspended and that no further proceeding for the enforcement of the judgment appealed from was authorized, for the summary remedy of enforcing the execution of a judgment by a motion authorized by article 3825, Rev. Statutes of 1925, is cumulative and, as in case of an execution, dependent upon the vital force of the judgment. The record fails to show the result of the appeal by the Bradford Supply Company from the judgment against it in favor of the D. F. Connolly Agency, Incorporated, but we note that that judgment was affirmed on April 29, 1925, by the San Antonio Court of Civil Appeals, reported in 272 S. W. 519.. Presumably the judgment of the Court of Appeals was against the Bradford Supply Company and the sureties on its supersedeas bond, and nothing in the record before us tends to show that such judgment cannot be collected, or has not in fact already been collected. Therefore, no loss or injury to the D. F. Connolly Agency, Incorporated, is apparent.

Upon the whole, we conclude that, for the reasons stated, the judgment below must be affirmed.