

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00504-CV

_____

RENEE YVONNE BURGIN, Appellant

V.

JIMMY WAYNE BURGIN, JR., Appellee

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-695469-21

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. Introduction

Renee Yvonne Burgin (now Young) (Wife),[1] acting pro se, appeals from a qualified domestic relations order (QDRO)[2] that was signed at the request of appellee Jimmy Wayne Burgin, Jr. (Husband) to effectuate the property division set forth in the trial court's Agreed Final Decree of Divorce. Raising a myriad of issues,[3] Wife contends that the trial court (1) violated her due process rights; (2) exhibited judicial bias; and (3) abused its discretion by signing the QDRO, awarding Husband attorney's fees, and denying Wife's motion for continuance. We will affirm.

---

[1]The divorce decree changed Wife's name to Renee Yvonne Young, but the clerk's records and the QDRO's captions both refer to her as Renee Yvonne Burgin. For consistency, we refer to her as Renee Yvonne Burgin.

[2]Contemporaneously with her original notice of appeal, Wife filed a motion to recuse the trial judge. After the presiding judge signed an order summarily denying her recusal motion, Wife filed a second notice of appeal seeking appellate review of that decision. This opinion encompasses both appeals. *See* Tex. R. Civ. P. 18a(j)(1)(A).

[3]Wife enumerated ten appellate issues in the "Issues Presented" section of her brief, but she addressed only seven of these issues in her brief's "Argument" section. We limit our discussion to the seven issues that Wife actually argued in her brief. To the extent that Wife intended to raise any additional issues, she forfeited them due to inadequate briefing. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Jackson v. Vaughn*, 546 S.W.3d 913, 922 (Tex. App.—Amarillo 2018, no pet.) (holding appellant had waived issue due to inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing).

## II. BACKGROUND

Husband and Wife were divorced in April 2022. Under the terms of the Agreed Final Decree of Divorce, which was based on a mediated settlement agreement (MSA), Husband was awarded all but $1,000 of Wife's retirement benefits in the Lockheed Martin Corporation Salaried Savings Plan as of November 18, 2021. The decree contemplated that the trial court would sign a QDRO to effectuate this award.

In December 2023, Husband filed a petition for the entry of a QDRO as contemplated by the decree. In August 2024, Wife filed a response in which she asserted that "[t]he QDRO was requested as a result of a real estate transaction both parties participated in" and that there was a "pending investigation into the transaction's validity and the potential fraudulent nature of the associated documents." She requested that the trial court delay setting a hearing on Husband's petition or signing a QDRO until this investigation was completed. Shortly after filing her response, Wife filed a motion to dismiss Husband's QDRO petition on the grounds that she had not been properly served.

A hearing on Husband's petition was set for November 8, 2024. Wife filed a motion for continuance to allow her additional time to investigate Husband's alleged fraud, but the trial court denied it.

Following the November 8, 2024 hearing, the trial court signed the QDRO.[4] Pursuant to Wife's request, the trial court filed findings of fact and conclusions of law. Wife now appeals.

## III. DISCUSSION

On appeal, Wife raises seven issues.[5] We address each of them in turn below.

### A. Purported Reliance on a Fraudulent Deed

In her first issue, Wife contends that the trial court erred by granting the QDRO based upon a "[f]raudulent" special warranty deed. But the trial court's decision to grant the QDRO was not based on the purportedly fraudulent deed. Rather, the trial court issued the QDRO because it was "necessary to effectuate" the property division set forth in the agreed final divorce decree, the terms of which were based on the MSA. Although Wife alleges that her agreement to the property division reflected in the divorce decree was largely based on the real estate transaction to which the purportedly fraudulent deed relates, she has not proven that the deed is actually fraudulent, nor has she succeeded in having the divorce decree modified or set aside on the basis of the alleged fraud.[6]

---

[4]Husband later filed a motion to amend the QDRO, which was granted following a December 2024 hearing.

[5]*See supra* note 3.

[6]Wife filed a motion to modify the divorce decree in which she sought, inter alia, the modification of the property division based on Husband's purported "lack of financial contributions," "marital misconduct," and fraud. But it does not appear that

4

Because the divorce decree is final and enforceable and because it explicitly contemplates the issuance of a QDRO, the trial court did not err by determining that a QDRO was "necessary to effectuate" the divorce decree's property division or by issuing the necessary QDRO. *See Haynes v. Haynes*, 180 S.W.3d 927, 930 (Tex. App.—Dallas 2006, no pet.) (recognizing that "[t]erms necessary to effectuate and implement the parties' agreement" regarding property division "may be left to future articulation by the parties or consideration by the trial court").

We overrule Wife's first issue.

## B. Denial of Wife's Motion for Continuance

In her second issue, Wife contends that the trial court abused its discretion by denying her motion to continue the November 8, 2024 hearing on Husband's QDRO petition. We disagree.

"[T]rial courts have broad discretion to manage and control their dockets." *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.) (citing *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982)). Accordingly, we review a trial court's denial of a continuance motion for an abuse of discretion. *Joe v.*

---

Wife ever set this motion for hearing or that the trial court ever took any action on it. Moreover, because the trial court's plenary power has long since expired, it lacks jurisdiction to grant the requested relief. *See* Tex. R. Civ. P. 329b(d); *see also* Tex. Fam. Code Ann. § 9.006(b); *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (explaining that trial court retains continuing jurisdiction after expiration of its plenary power to clarify or enforce divorce decree's property division, so long as it does not alter or modify original division of marital property).

5

*Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Waters v. Waters*, No. 04-16-00690-CV, 2017 WL 6345223, at *3 (Tex. App.—San Antonio Dec. 13, 2017, no pet.) (mem. op.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We may not substitute our own judgment for the trial court's judgment with respect to matters committed to the trial court's discretion. *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Texas Rule of Civil Procedure 251 provides that a trial court may not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied).

Although Wife's motion for continuance was in writing and stated some facts to support her request for relief, it was neither verified nor supported by an affidavit. Because Wife failed to comply with Rule 251's requirements, we presume that the trial court did not abuse its discretion by denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). And Wife has pointed to nothing in the record that would overcome this presumption.

We overrule Wife's second issue.

6

## C. Due Process

In her third issue, Wife contends that her due-process rights were violated because she was not properly served with Husband's QDRO petition and because she was purportedly "not allowed to testify or introduce evidence at the November 8, 2024 hearing" even though she appeared via Zoom with the trial court's approval. We disagree.

Although Wife claims that she was not properly served with Husband's QDRO petition, the trial court explicitly found that she had been "properly served" and had "filed an appearance in th[e] case after service of citation upon her." And the record—which reflects that Wife filed a response to the petition nearly three months before the hearing thereon—supports these findings. Even if service of the petition had been improper, Wife's general appearance cured any defect. *See Middleton v. McCamant*, 39 Tex. 146, 147–48 (1873) (holding that even though the return of service was "manifestly defective," the defendant's appearance in the trial court had "cured that defect and he . . . ha[d] no right to complain of the want of proper service, as he ha[d] voluntarily placed himself within the jurisdiction of the court"); *Caldwell v. Tex. Dep't of Pub. Safety*, No. 03-20-00561-CV, 2021 WL 3376931, at *1 (Tex. App.—Austin Aug. 4, 2021, no pet.) (mem. op.) (providing that curable defects in service do not defeat a suit on jurisdictional grounds; rather, by filing a motion to quash, a party effectively makes a general appearance and consents to the trial court's jurisdiction); *Morales v. Morales*, 195 S.W.3d 188, 191 (Tex. App.—San Antonio 2006, pet. denied)

7

("[A]n appearance to contest lack of service and subsequent participation in the proceedings constitutes a general appearance, making personal service, if otherwise required, unnecessary.").

Further, Wife cannot substantiate her claim that she was not allowed to testify or present evidence at the November 8, 2024 hearing because this case was submitted without a reporter's record.[7] Without a reporter's record, we have no way to determine what evidence was presented, much less to discern whether Wife was unfairly denied the opportunity to testify or present evidence as she claims. *See Sanadco Inc. v. Hegar*, No. 03-14-00771-CV, 2015 WL 4072091, at \*2 (Tex. App.—Austin July 3, 2015, no pet.) (mem. op.) ("Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing . . . ."); *Sam F. v. Hamamiyah*, No. 02-14-00109-CV, 2014 WL 6493588, at \*2 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.) (stating that, without a reporter's record, the court could not tell whether appellant revoked his consent to an agreed decree). Accordingly, we must assume that the proceeding was properly conducted. *See Budri v. McAllister*, No. 02-24-00092-CV, 2025 WL 494694, at \*4 (Tex. App.—Fort Worth Feb. 13, 2025, pet. denied) (mem. op.); *Sanadco Inc.*, 2015 WL 4072091, at \*2; *see also*

---

[7]The trial court's reporter certified that no record of the November 8, 2024 hearing was taken. Wife has not complained that the court reporter filed an incomplete record, nor has she sought to supplement the record. *See* Tex. R. App. P. 34.6(d); *cf. Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal.").

*Powell v. Comm'n for Lawyer Discipline*, 710 S.W.3d 288, 327 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (noting that "it has long been a 'cardinal rule' of appellate procedure in Texas that we 'must indulge *every* presumption in favor of the regularity of the proceedings and documents' in the trial court" (quoting *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd))).

We overrule Wife's third issue.

## D. QDRO's Lack of Preapproval

In her fourth issue, Wife contends that the trial court erred by issuing the QDRO because it had purportedly not been preapproved by the administrator of her retirement plan. Citing Section 1056(d)(3) of the Employee Retirement Income Security Act (ERISA), Wife asserts that this preapproval was required and that Husband's failure to obtain it "render[ed] the QDRO legally defective." *See* 29 U.S.C. § 1056(d)(3).

But the relied-upon statute does not support Wife's assertion. Rather, ERISA Section 1056(d)(3)(G) provides merely that upon receipt of a domestic relations order, "the plan administrator shall determine whether such order is a qualified domestic relations order and notify the participant and each alternate payee of such determination" within a reasonable time. *Id.* § 1056(d)(3)(G)(i)(II). While ERISA Section 1056 contemplates that no amounts will be paid to an alternate payee until the plan administrator (or a court of competent jurisdiction) has determined that a purported QDRO is, in fact, "qualified," the statute does not require the plan

9

administrator to preapprove a QDRO before it is issued by a trial court. *See id.* § 1056(d)(3)(G), (H); *see also In re Young*, No. 08-41515, 2009 WL 2855766, at *6 (Bankr. E.D. Tex. Sept. 2, 2009) (mem. op.) ("The Court is unable to find a provision in ERISA (and the parties do not point to any provision) that sets a deadline . . . to present the QDRO to the plan administrator."). Thus, we reject Wife's contention that the QDRO's "lack of pre[]approval is fatal and necessitates reversal."

We overrule Wife's fourth issue.

## E. Attorney's Fees

In her fifth issue, Wife contends that the evidence was insufficient to support the trial court's award of attorney's fees to Husband.[8] But as noted, this case was submitted without a reporter's record. It is the appellant's burden to bring forward a record showing the error alleged. *Christiansen*, 782 S.W.2d at 843. In the absence of a reporter's record, we are unable to review the evidence and apply the appropriate sufficiency standards to the award of attorney's fees. *See In re T.R.H.*, No. 04-18-

---

[8]In reviewing the record, we were unable to locate an order actually awarding Husband any attorney's fees, and Wife did not include any record citations in her brief directing us to such an order. *See* Tex. R. App. P. 38.1(i). The QDRO itself did not include an award of attorney's fees. After the November 8, 2024 hearing, Husband's counsel filed a Motion to Enter Order to which a proposed order was attached as an exhibit. Although the proposed order included an award of $3,183.75 in attorney's fees to Husband, there is nothing in the record showing that the trial court actually signed it. Similarly, the appendix attached to Wife's brief contains an "Order from Hearings on November 8, 2024," which is identical to the proposed order attached to Husband's Motion to Enter Order, but it is also unsigned. Nevertheless, for purposes of this appeal, we will assume that the trial court did, in fact, award Husband attorney's fees.

10

00834-CV, 2019 WL 6887143, at *2 (Tex. App.—San Antonio Dec. 18, 2019, no pet.) (mem. op.) (citing *In re L.C.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.)).

We overrule Wife's fifth issue.

## F. Judicial Bias

In her sixth issue, Wife contends that the trial court deprived her of a fair trial and due process by exhibiting judicial bias. We disagree.

All parties have a right to a fair trial before an impartial judge. *Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.). But only in the rarest of circumstances will judicial rulings show favoritism or antagonism to the degree necessary to conclude that the trial was not fair or that the judge was not impartial. *Id.*; *see also Haynes v. Union Pac. R.R. Co.*, No. 01-18-00181-CV, 2020 WL 425130, at *11 (Tex. App.—Houston [1st Dist.] Jan. 28, 2020, pet. dism'd). Indeed, when presented with allegations of judicial bias, the United States Supreme Court has written that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and that the opinions a judge forms during a trial do not call into question a judge's bias or partiality "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

Here, Wife points to several purportedly improper judicial actions to support her partiality complaint: (1) the trial court's "refus[ing] to acknowledge or hear"

Wife's "properly docketed" motion for continuance, motion to stay the QDRO, and motion for preapproval of the QDRO at the November 8, 2024 hearing; (2) the trial court's refusing to allow Wife to present testimony or evidence while appearing remotely at the November 8, 2024 hearing; and (3) the trial court's refusing to allow Wife to appear remotely at the December 2024 hearing on Husband's motion to amend the QDRO. But Wife has failed to show the "deep-seated favoritism or antagonism" necessary to support a judicial-bias complaint. *See id.*

The record does not support Wife's claim that the trial court exhibited judicial bias by refusing to acknowledge or rule on her motions. Indeed, the record reflects that the trial court actually considered Wife's motion for continuance and denied it because it lacked merit. Regarding the other two motions that the trial court purportedly refused to acknowledge or hear, although Wife claims that they were "properly docketed," nothing in the record shows that she took the necessary steps to have them set for hearing or submission. *See Child Support 2 Collect, Inc. v. Anz*, No. 05-20-00165-CV, 2022 WL 908948, at *4 (Tex. App.—Dallas Mar. 29, 2022, no pet.) (mem. op. on reh'g) ("Generally, the movant on a motion has the burden to set a hearing on the motion." (citing *Enriquez v. Livingston*, 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. denied))). Accordingly, the trial court's failure to rule on these motions does not show judicial bias.

Further, as noted, although Wife claims that the trial court treated her unfairly by refusing to allow her to present evidence at the November 8, 2024 hearing, she

12

cannot support this contention because this case was submitted without a reporter's record. *See Sanadco Inc.*, 2015 WL 4072091, at \*2. Accordingly, we must assume that the proceeding was properly conducted. *See Budri*, 2025 WL 494694, at \*4; *Sanadco Inc.*, 2015 WL 4072091, at \*2.

Finally, the trial court's denial of Wife's request to appear remotely at the December 2024 hearing on Husband's motion to amend the QDRO does not show judicial bias. Generally, a party must appear at all court proceedings in person, unless the trial court's notice states otherwise. Tex. R. Civ. P. 21d(b)(1). While Rule 21d provides that the trial court "may allow" a party to appear by videoconference, teleconference, or other means, it does not obligate the court to do so. *Id.*; *In re J.G.*, No. 02-24-00022-CV, 2024 WL 2971693, at \*5 (Tex. App.—Fort Worth June 13, 2024, no pet.) (mem. op.). Rather, the trial court has broad discretion regarding whether to allow a party to appear by alternative means. *See Nikolenko v. Nikolenko*, No. 01-20-00284-CV, 2022 WL 479988, at \*9 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, pet. denied) (mem. op.). On the record before us, we cannot conclude that the trial court abused its discretion by denying Wife's request to appear remotely at the December 2024 hearing, much less that this ruling exhibited judicial bias. *See Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157.

Because Wife has not shown judicial bias or prejudice, we overrule her sixth issue.

13

## G. Laches

In her seventh issue, Wife contends that Husband's QDRO petition was barred by the doctrine of laches. But laches is an affirmative defense that must be pleaded by the party relying on it. *Gulf, Colo. & Santa Fe Ry. Co. v. McBride*, 322 S.W.2d 492, 496 (Tex. 1958). And Wife did not plead a laches defense in her response to Husband's QDRO petition; rather, she raised it for the first time on appeal. Thus, she did not preserve her laches argument for our review. *See* Tex. R. App. P. 33.1(a); *Tabe v. Tex. Inpatient Consultants, LLLP*, No. 01-22-00294-CV, 2023 WL 3063403, at *3 (Tex. App.—Houston [1st Dist.] Apr. 25, 2023, no pet.) (mem. op.).

Further, even if Wife had preserved her laches argument, we would nevertheless overrule it on the merits. To prevail on a laches defense, a party must show both "(1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay." *Thompson v. Landry*, 713 S.W.3d 372, 380 (Tex. 2025) (quoting *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989)). Thus, laches is "not mere delay but delay that works a disadvantage to another." *Culver v. Pickens*, 176 S.W.2d 167, 170 (Tex. 1943) (quoting *Ross' Est. v. Abrams*, 239 S.W. 705, 709 (Tex. App.—San Antonio 1922), *aff'd*, 250 S.W. 1019 (Tex. [Comm'n App.] 1923, judgm't adopted)).

Wife has not shown that Husband's delay disadvantaged her. She vaguely asserts that the delay had a "prejudicial impact on [her] ability to challenge the [allegedly fraudulent] deed and prepare a defense," but she does not explain how the

14

delay adversely affected her deed challenge. Indeed, as noted, Wife herself filed a motion for continuance in which she sought to further delay the QDRO proceedings to allow her additional time to investigate the allegedly fraudulent deed. Thus, if anything, Husband's delay appears to have worked to Wife's advantage by giving her additional investigation time.

We overrule Wife's seventh issue.

## IV. CONCLUSION

Having overruled all of Wife's issues, we affirm the challenged orders.[9]

/s/ Dana Womack

Dana Womack
Justice

Delivered: September 4, 2025

---

[9]Wife has filed two motions with this court that remain pending: (1) a "Motion for Review and Relief" and (2) "Appellant's Motion to Submit Appeal on Appellant's Brief Alone and Render Decision Without Appellee's Brief." Because Wife's Motion for Review and Relief is essentially a rehashing of her appellate arguments, it is hereby denied. Because Husband has not filed a brief in this case even though the deadline to do so has long since passed, we grant Wife's second motion and decide this appeal without an appellee's brief. *See* Tex. R. App. P. 38.6(b); *see also Baker v. Baker*, No. 03-09-00455-CV, 2010 WL 2010817, at *1 (Tex. App.—Austin May 18, 2010, no pet.) (mem. op.) (deciding appeal without appellee's brief).